[Cite as *In re K.Z.-P.*, 2016-Ohio-3091.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

In re K.Z.-P.

Court of Appeals No.  WD-15-022
WD-15-023
WD-15-024
WD-15-025
WD-15-026
WD-15-027

Trial Court No. 2013JD1127

**DECISION AND JUDGMENT**

Decided:  May 20, 2016

* * * * *

Andrew W. Prewitt, pro se

* * * * *

**YARBROUGH, J.**

## I.  Introduction

{¶ 1} This is a consolidated pro se appeal from six judgments of the Wood County

Court of Common Pleas, Juvenile Division, all filed on March 2, 2015.

## II.  Analysis

### 1.  Case No. WD-15-022

{¶ 2} In its first judgment, the trial court held appellant, A.P., in contempt of court for violating a gag order issued by the court that provides, in pertinent part:

[D]uring the pendency of this case, including appeals, the adult parties, their attorneys, their agents, and witnesses are enjoined from discussing or disseminating any information, statement, public comments, or materials about this pending cause, the status of the litigation, or about the minor child to any public communications forum or media, including but not limited to, representatives of both the broadcast and print media; and from appearing on any and all radio and television broadcasts regarding these causes or the minor child herein; and electronic communication including email, websites, and voice mail; and from otherwise providing any information regarding this cause or the minor child either directly or indirectly in any fashion whatsoever.

{¶ 3} In its entry, the court found that appellant violated the foregoing order by posting information about the case on two websites, PhantomoftheCourt.com and FacingtheColoroftheLaw.com.  Consequently, the court held appellant in contempt and ordered him to serve a 10-day jail sentence.  The sentence was suspended upon the condition that appellant comply with the gag order.

2.

**{¶ 4}** Thereafter, appellant filed a notice of appeal in case No. WD-15-022, assigning the following error for our review: "The trial court erred and abused its discretion by finding appellant in contempt for violating [the] gag order." In particular, he argues that there was no evidence in the record to support the trial court's determination that he violated the gag order.

**{¶ 5}** We find no merit to appellant's argument in light of the testimony provided by appellee, J.Z., in which she explained that she was able to access the offending websites well after the effective date of the gag order. Indeed, J.Z. testified that she was able to access the websites on the day of the contempt hearing. Accordingly, appellant's assignment of error in case No. WD-15-022 is not well-taken.

## 2. Case No. WD-15-023

**{¶ 6}** The second judgment issued by the trial court on March 2, 2015, and the subject of appellant's notice of appeal in case No. WD-15-023, resulted in the trial court ordering appellant to pay child support to A.H., the custodial aunt of appellant's daughter, K.Z.-P. For his sole assignment of error in case No. WD-15-023, appellant argues that "[t]he trial court erred and abused its discretion by ordering appellant to pay child support."

**{¶ 7}** In its entry, the trial court stated the following concerning appellant's child support obligations to A.H.:

> Custodial Aunt, [A.H.,] has had legal custody of the minor child
> since November 27, 2013 through January 9, 2015. Custodial Aunt, [A.H.],

3.

has provided more than one-half of the support of the minor child during this time period.

* * *

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Father, [appellant], is to pay Custodial Aunt, [A.H.], the sum of Two Hundred Dollars ($200.00) per month beginning on February 1, 2015 and on the first of each month thereafter.

{¶ 8} In his appellate brief, appellant advances two arguments in support of his assignment of error.  First, he asserts that he should be granted custody of K.Z.-P. because she was never adjudicated an abused, neglected, or dependent child under R.C. 2151.35(A)(1).  We reject this argument outright as the issue of K.Z.-P.'s custody was not before the trial court at the time it issued its entry addressing A.H.'s motion for child support.

{¶ 9} Next, appellant argues that the trial court improperly concluded that A.H. has provided more than half of K.Z.-P.'s support during the relevant time period.  In support of his argument, appellant notes that he paid $521.26 per month for K.Z.-P.'s health insurance, along with $5,927 per year for her private schooling.  In so arguing, appellant ignores the everyday expenses borne by A.H. throughout the year in support of K.Z.-P.  Further, the record establishes that appellee's husband carried health insurance on K.Z.-P. through the military.  Moreover, appellee testified that she started paying the

cost of K.Z.-P.'s private schooling after K.Z.-P. moved back into her home. Having reviewed the record, we cannot say that the trial court abused its discretion in ordering appellant to pay child support. Accordingly, his assignment of error in case No. WD-15-023 is not well-taken.

### 3. Case No. WD-15-024

{¶ 10} In the trial court's third judgment, it expanded its prior gag order, enjoining appellant from

> discussing or disseminating any information, statement, public comments, or materials about this pending cause, the status of litigation, any comments regarding any of the parties, current and former, as well as the professionals who are or have been involved in the litigation, the Court or its personnel, or about any minor child to any public communications forum or media, including but not limited to broadcast and print media, radio, television, electronic communication including email, websites, and voice mail, and from otherwise providing any information about this cause or the minor child either directly or indirectly in any fashion whatsoever.

Additionally, the court ordered appellant to remove his website entitled *Facing the Color of Law* from the internet.

{¶ 11} Appellant timely appealed the foregoing judgment in case No. WD-15-024, asserting the following assignment of error: "The trial court erred and abused its discretion by placing a gag order on this case."

5.

**{¶ 12}** Gag orders fall within a court's prerogative to maintain appropriate decorum in the administration of justice and protect the rights of litigants from prejudice. "The standard applied to gag orders imposing restrictions on parties is whether the extra-judicial statements are "reasonably likely" to prejudice the proceedings." *In re Scaldini*, 8th Dist. Cuyahoga No. 90889, 2008-Ohio-6154, ¶ 13. Such orders "must be narrowly tailored and must be the least restrictive means available." *Id.* An appellate court reviews the trial court's issuance of a gag order under an abuse of discretion standard. *In re T.R.*, 52 Ohio St.3d 6, 556 N.E.2d 439 (1990).

**{¶ 13}** Upon review, we find that the trial court in this case did not abuse its discretion in issuing the gag order and that the court had a reasonable and substantial basis to believe that extra-judicial statements, including material appellant posted on the internet, would be reasonably likely to prejudice the proceedings, especially in light of the fact that some of the material contained on the website criticized individuals who had previously been called as witnesses in this action, and were likely to be called as witnesses at a later time. Accordingly, appellant's assignment of error in case No. WD-15-024 is not well-taken.

### 4. Case No. WD-15-025

**{¶ 14}** In the trial court's fourth judgment, it found K.Z.-P. to be an unruly child pursuant to R.C. 2151.354 and awarded custody of K.Z.-P. to appellee with an award of parenting time to appellant. Appellant timely appealed the court's judgment in case No. WD-15-025, asserting the following assignments of error:

6.

Assignment of Error Number One: The trial court erred and abused its discretion by charging the minor child with one instance of unruliness pursuant to Ohio Revised Code 2151.022(A) is against the manifest weight of the evidence and the Ohio law.

Assignment of Error Number Two: The trial court erred and abused its discretion by accepting the minor child's plea deal with the state is against the manifest weight of the evidence and the Ohio law.

Assignment of Error Number Three: The trial court erred and abused its discretion by ordering appellant to have supervised visitation rights.

Assignment of Error Number Four: The trial court erred and abused its discretion by not allowing the minor child to testify is against the manifest weight of the evidence and the Ohio law.

Assignment of Error Number Five: The trial court erred and abused its discretion by award[ing] mother legal custody is against the manifest weight of the evidence and the Ohio law.

{¶ 15} In his first assignment of error, appellant challenges the trial court's initial determination that K.Z.-P. was an unruly child pursuant to R.C. 251.022(A), which defines an unruly child as "[a]ny child who does not submit to the reasonable control of the child's parents, teachers, guardian, or custodian, by reason of being wayward or habitually disobedient." Relevant to our analysis of this assignment of error, the parties stipulated to K.Z.-P.'s unruliness at a hearing on November 15, 2013, as follows:

7.

Court: Do both of you agree that this child does not subject herself to your reasonable control by ignoring what you've told her to do?

[Appellee]: Yes.

[Appellant]: No.

[Appellant's counsel]: But you told her to go home, though.

[Appellant]: Oh, yes, I told her to go home. Yes, that was the first time, yes, yes, yesterday.

Court: Well, this young lady's attitude is going to have to change. You realize, folks, that you've now just told me that she's an unruly child because she fails to subject herself to your reasonable direction, control, and discipline when you tell her to do something.

{¶ 16} Accordingly, appellant's first assignment of error is not well-taken.

{¶ 17} Next, appellant contends that the trial court erred by accepting K.Z.-P.'s admission at her adjudicatory hearing on January 22, 2014.

{¶ 18} "'An admission in a juvenile proceeding, pursuant to Juv.R. 29, is analogous to a guilty plea made by an adult pursuant to Crim.R. 11 in that both require that a trial court personally address the defendant on the record with respect to the issues set forth in the rules.'" *In re: C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, ¶ 112, quoting *In re: Smith*, 3d Dist. Union No. 14-05-33, 2006-Ohio-2788. The preferred practice in juvenile delinquency cases is strict compliance with Juv.R. 29(D); however, "if the trial

8.

court substantially complies with Juv.R. 29(D) in accepting an admission by a juvenile, the plea will be deemed voluntary absent a showing of prejudice by the juvenile or a showing that the totality of the circumstances does not support a finding of a valid waiver." *Id.* at ¶ 114.

{¶ 19} Prior to accepting K.Z.-P.'s admission at the adjudicatory hearing, the trial court engaged her in a thorough colloquy in which the court ensured that she understood the nature of the plea agreement with the state. The court then explained the consequences of the admission. Additionally, the court questioned K.Z.-P. as to whether she was promised anything other than what was previously explained to her in order to entice her to enter the admission. She responded in the negative. When asked if she had any additional questions for the court, K.Z.-P. indicated that she did not.

{¶ 20} In light of the foregoing, we do not find that the trial court erred in accepting K.Z.-P.'s admission. Accordingly, appellant's second assignment of error is not well-taken.

{¶ 21} In his third assignment of error, appellant argues that the trial court abused its discretion in awarding him supervised visitation rights. Appellant argues that the court should not have limited his parental rights to supervised visitation without first finding him to be unfit. In support of his argument, appellant cites R.C. 2151.414, pertaining to the procedures a court must follow upon the filing of a motion for permanent custody under R.C. 2151.413. Notably, this case does not involve the

9.

termination of parental rights. Thus, R.C. 2151.414 does not apply, and appellant's argument is without merit. Accordingly, appellant's third assignment of error is not well-taken.

{¶ 22} In his fourth assignment of error, appellant asserts that the trial court erred by quashing his subpoena, which sought to compel K.Z.-P. to testify. In its judgment entry quashing appellant's subpoena, the court found that the subpoena subjected K.Z.-P. to undue burden in light of the nature of the proceedings, namely the modification of a temporary order, and the fact that K.Z.-P. was only 11 years old at the time of the hearing.

{¶ 23} Having reviewed the record ourselves, we find that the trial court acted within its discretion in quashing appellant's subpoena, especially in light of the availability of the guardian ad litem to testify as to any matters specific to K.Z.-P. *See In re Maciulewicz*, 11th Dist. Ashtabula No. 2002-A-0046, 2002-Ohio-4820, ¶ 30 (finding no prejudice where the trial court quashed the subpoena of a twelve-year-old in light of the ability to question the guardian ad litem as to the child's wishes). Accordingly, appellant's fourth assignment of error is not well-taken.

{¶ 24} In his fifth and final assignment of error in case No. WD-15-025, appellant contends that the trial court abused its discretion when it awarded legal custody of K.Z.-P. to appellee. Appellant's argument in support of this contention is based entirely upon his assertion that the guardian ad litem in this case failed to carry out her responsibilities

10.

as required under Sup.R. 48(D). Specifically, appellant argues that the guardian ad litem "did not contact or even try to contact any persons on the paternal side of the family."

{¶ 25} Sup.R. 48(D) provides, in relevant part:

> (13) A guardian ad litem shall make reasonable efforts to become informed about the facts of the case and to contact all parties. In order to provide the court with relevant information and an informed recommendation as to the child's best interest, a guardian ad litem shall, at a minimum, do the following, unless impracticable or inadvisable because of the age of the child or the specific circumstances of a particular case:
>
> * * *
>
> (d) Meet with and interview the parties, foster parents and other significant individuals who may have relevant knowledge regarding the issues of the case.

{¶ 26} At the hearing held in this case on May 8, 2014, the guardian ad litem testified regarding the investigation she conducted. Concerning her attempts at interviewing appellant, the guardian stated that she attended a visit between K.Z.-P. and appellant, during which appellant refused to speak to K.Z.-P. because of the guardian's presence. She further indicated that she sent appellant a letter seeking a meeting with him. Appellant failed to contact her to schedule an appointment. On these facts, we find that the guardian ad litem made reasonable efforts to meet with and interview appellant.

11.

Such a meeting would have taken place had appellant responded to the guardian's letter. As such, we find no merit to appellant's complaint concerning the lack of a meeting between he and the guardian. Further, we find the testimony contained in the record supports the trial court's grant of custody to appellee.

{¶ 27} Accordingly, appellant's fifth assignment of error is not well-taken.

### 5. Case No. WD-15-026

{¶ 28} In the trial court's fifth judgment, it found appellant to be in contempt of court for failing to comply with its prior order directing him to pay guardian ad litem fees in the amount of $1,345. The court imposed a ten-day jail sentence, but informed appellant that he could purge the contempt citation and avoid incarceration by paying the fees at the rate of $75 per month until fully paid. Appellant timely appealed the court's judgment in case No. WD-15-026, asserting the following assignment of error: "The trial court erred and abused its discretion by finding appellant in contempt for [guardian ad litem] fees."

{¶ 29} In his assignment of error, appellant argues that the trial court's order holding him in contempt for failure to pay guardian ad litem fees is prohibited under Article I, Section 15 of the Ohio Constitution, which "forbids imprisonment for debt in civil actions." The Ohio Supreme Court has held that this provision prohibits use of contempt powers to compel payment of court costs. *Strattman v. Studt*, 20 Ohio St.2d 95, 253 N.E.2d 749 (1969), paragraphs six and seven of the syllabus. In *Pappas v. Basile*, 8th Dist. Cuyahoga Nos. 101059, 101060, 2014-Ohio-5279, ¶ 17, the Eighth District

12.

found that guardian ad litem fees are "litigation expenses." *See also In re S.B.*, 11th Dist. Ashtabula No. 2010-A-0019, 2011-Ohio-1162, ¶ 119 (characterizing guardian ad litem expenses as litigation expenses). Because such fees are akin to court costs, the court in *Pappas* held that the trial court properly refused to find Pappas in contempt for nonpayment of guardian ad litem fees under the Ohio Constitution.

{¶ 30} Consistent with the foregoing, we find that the trial court ran afoul of Article I, Section 15 of the Ohio Constitution when it found appellant in contempt for failing to pay guardian ad litem fees. Accordingly, appellant's assignment of error in case No. WD-15-026 is well-taken and the contempt order is hereby vacated.

### 6.  Case No. WD-15-027

{¶ 31} In the trial court's sixth judgment, it found appellant to be in contempt of court for failing to comply with its prior order directing him render a deposit for K.Z.-P.'s attorney fees. The court imposed a ten-day jail sentence, which was suspended. Appellant was also ordered to pay $75 every 30 days until the deposit of $840 was fully paid. Appellant timely appealed the court's judgment in case No. WD-15-027, asserting the following assignment of error: "The trial court erred and abused its discretion by finding appellant in contempt for attorney fees."

{¶ 32} In his assignment of error, appellant advances the same argument, premised upon Article I, Section 15 of the Ohio Constitution, he raised in his appeal in case No. WD-15-026, discussed above. As noted above, Article I, Section 15 of the Ohio Constitution prohibits use of contempt powers to compel payment of court costs. Thus,

13.

we find that the trial court erred in finding appellant in contempt for failing to pay K.Z.-P.'s attorney fees. Accordingly, appellant's assignment of error in case No. WD-15-027 is well-taken and the contempt order is hereby vacated.

### III. Conclusion

**{¶ 33}** On consideration whereof, the judgments of the Wood County Court of Common Pleas, Juvenile Division, are affirmed, in part, and reversed, in part. The trial court's orders finding appellant in contempt of court for failure to pay guardian ad litem fees and K.Z.-P.'s attorney fees are hereby vacated. Costs of this appeal are to be split equally by the parties pursuant to App.R. 24.

Judgment affirmed, in part<br>and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Arlene Singer, J. _____

_____

Stephen A. Yarbrough, J. _____
JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.