[Cite as *In re K.Z.*, 2018-Ohio-3511.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

In re K.Z.-P.                                    Court of Appeals No. WD-17-057

Trial Court Nos. 2013JD1127

**DECISION AND JUDGMENT**

Decided:  August 31, 2018

* * * * *

A.P., pro se.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, A.P., appeals the October 19, 2017 judgment of the Wood County Court of Common Pleas, where his request to enforce a court order for parenting companionship with his daughter was denied.  Finding no error, we affirm.

**Background**

{¶ 2} On March 2, 2015, the trial court granted appellant parental companionship rights, and his visits were to be held in a therapeutic environment.  Appellant was to

arrange this supervised contact.  In the record and in his brief, appellant claims he did not reach out to seek such companionship until after the "appellate court decision."

{¶ 3} Appellant's reference is to the May 2016 appellate decision in *In re K.Z.-P.*, 6th Dist. Wood Nos. WD-15-022, WD-15-023, WD-15-024, WD-15-025, WD-15-026, WD-15-027, 2016-Ohio-3091, ("*In re K.Z.-P. I*"), *discretionary appeal denied in In re K.Z.-P.*, 147 Ohio St.3d 1412, 2016-Ohio-7455, 62 N.E.3d 185.

{¶ 4} In the consolidated appeal of *In re K.Z.-P. I*, we addressed 6 trial court judgments and 10 assignments of error.  One of the trial court judgments, from case No. WD-15-025, addressed the issue of appellant's companionship rights.  In particular, in this judgment the trial court determined K.Z.-P. was an unruly child pursuant to R.C. 2151.354, awarded custody to K.Z.-P's mother, and awarded the supervised companionship to appellant.  *See In re K.Z.-P. I* at ¶ 14-27.  From that March 2015 judgment, appellant asserted five assigned errors.  The third assigned error was stated as: "[t]he trial court erred and abused its discretion by ordering appellant to have supervised visitation rights."  *Id*. at ¶ 21.

{¶ 5} Appellant specifically argued the trial court should not have limited his parental rights to supervised companionship without first finding him unfit.  Appellant cited to, for support, the statute and procedure the court must follow in termination of parental rights cases.  We found the argument misplaced because the matter was not a termination case, and the assigned error was not well-taken.  *Id*.

{¶ 6} Appellant asserts he contacted his daughter every month since the May 2016 appellate decision.  As an example of this contact, he provided September and October

2.

2016 letters that he sent to his daughter. The letters were submitted into the record. In the letters, appellant mentions days that would be best for them to arrange the companionship visits. Appellant did not get a meaningful response, and he was never afforded the companionship visits.

{¶ 7} Subsequently, on September 12, 2017, he filed a request with the trial court to enforce the March 2015 order granting him companionship. The matter was set for hearing on October 2, 2017. A hearing was held, and only appellant testified regarding the best interest of his daughter.

{¶ 8} On October 19, 2017, the trial court denied appellant's request for companionship. Appellant filed a timely notice of appeal, setting forth the following assigned error:

> THE COURT ERRED AND ABUSED ITS DISCRETION BY NOT
> ENFORCING APPELLANTS (Sic) THERAPEUTIC VISITATION
> RIGHTS IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE
> AND THE OHIO LAW. (Sic).

**Standard of Review**

{¶ 9} Judgments concerning parental visitation or companionship rights are reviewed for an abuse of discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). Abuse of discretion means more than an error in judgment, but rather that the trial court's decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

3.

## Law and Analysis

{¶ 10} In his sole assigned error, appellant argues the court erred in denying his request to enforce the March 2015 court order in which he was granted companionship with his daughter. No other party argued on appeal or filed a brief in opposition.

{¶ 11} R.C. 3109.051, in relevant part, provides that in determining parenting time or visitation matters, the court shall consider the following factors:

> (1) The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity, * * *

> (7) The health and safety of the child; * * *

> (9) The mental and physical health of all parties; * * *

> (13) Whether the residential parent * * * has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;* * *

*See* R.C. 3109.051(D).

{¶ 12} The trial court is not required to specifically cite to R.C. 3109.051(D), so long as the record and judgment demonstrate consideration of the relevant factors. *See*, *e.g.*, *In re Troyer*, 188 Ohio App.3d 543, 2010-Ohio-3276, 936 N.E.2d 102, ¶ 34 (7th Dist.).

{¶ 13} The October 18, 2017 judgment entry in this case states that the trial court held a two-day hearing in January 2015. Based on that hearing, in March 2015 the court ordered that "Father [A.P.] shall have parenting time with the minor child only in a

4.

therapeutic environment until further order of the court." The court detailed that this visitation was to be supervised in a "therapeutic environment" because the court took issue with appellant's contact with K.P.-Z., and the nature of that contact. No other relevant detail about the March 2015 order is stated in the October 2017 entry.

{¶ 14} The October 2017 entry further reveals that subsequent to the March 2015 order appellant "never availed himself of the parenting time with his Daughter." It states that appellant's first attempt to arrange companionship was roughly 18 months after the March 2015 order, and that he made no attempt to enforce the court ordered parenting time until his September 2017 filing. Thus, mainly because appellant waited two and a half years to seek companionship, and because his daughter's step-father was in process to adopt her, visitation was denied.

{¶ 15} We refer back to the factors highlighted above to determine whether the trial court's decision was unreasonable, arbitrary or unconscionable. R.C. 3109.051(D), *supra*.

{¶ 16} We initially note that the trial court's judgment heavily relied on the first factor, which is an evaluation of the "prior interaction and interrelationships of the child." *Id*. In particular, appellant's two and a half year delay in seeking to enforce the March 2015 order shows his lack of interaction, lack of effort, and lack of an established relationship with his child. Further was the fact that his daughter's step-father was seeking to adopt her, which supports there is an established and evolving relationship between K.Z.-P. and her step-father. The first factor weighs against appellant.

5.

{¶ 17} With regard to the seventh factor, the trial court was concerned with K.Z.-P.'s "health and safety," *id.*, based on "Father's contact with his Daughter and the nature of the contact," and the fact that the March 2015 judgment ordered appellant to companionship in a "therapeutic environment." We note the trial court ordered appellant to attend psychotherapy sessions back in or before 2014 and, that, appellant subsequently provided an April 2014 written opinion from a psychotherapist stating appellant had "no psychological problems." Appellant used this opinion to justify not attending sessions. We find this written opinion does not negate the order of the court, and we decline to subscribe to the idea that appellant no longer needed to attend therapy in order to alleviate the court's concerns. This seventh factor weighs against appellant.

{¶ 18} Moreover, the court ordering that appellant attend psychotherapy sessions, ordering that he be restricted to a therapeutic environment with his daughter, and stating concern for his contact with her and the nature thereof, support that the ninth factor, which regards the "mental and physical health of all parties," *id.*, weighs against appellant.

{¶ 19} Lastly, the record demonstrates the trial court considered the thirteenth factor, which regards "whether the residential parent * * * has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court." *Id.* Appellant explicitly alleged in open court and in his brief that K.Z.-P.'s mother denied him access to his daughter, even after the March 2015 court order. The trial court recognized this concern, and it is apparent in the record. This factor weighs in favor of appellant's position.

6.

**{¶ 20}** In light of the foregoing factors, we find no abuse of discretion.

Appellant's sole assigned error is not well-taken.

## Conclusion

**{¶ 21}** The judgment of the Wood County Court of Common Pleas is affirmed.

Appellant is ordered to pay costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____
                                                          JUDGE
Thomas J. Osowik, J.

                        _____
James D. Jensen, J.                    JUDGE
CONCUR.

                        _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.