[Cite as *Cornett v. Cornett*, 2016-Ohio-7902.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| CHARLOTTE CORNETT | : | |
| | : | Appellate Case No. 2016-CA-7 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2012-DR-251 |
| v. | : | |
| | : | (Domestic Relations Appeal from |
| JAMES CORNETT | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of November, 2016.

. . . . . . . . . .

JAY A. ADAMS, Atty. Reg. No. 0072135, 36 North Detroit Street, Xenia, Ohio 45385
　　　Attorney for Plaintiff-Appellant

KEITH R. KEARNEY, Atty. Reg. No. 0003191, and AMY R. BLAIR, Atty. Reg. No.
0073760, Rogers & Greenberg LLP, 40 North Main Street, Suite 2160, Dayton, Ohio
45423
　　　Attorneys for Defendant-Appellee

. . . . . . . . . . . .

FAIN, J.

　　　**{¶ 1}** Plaintiff-appellant Charlotte Cornett appeals from an order of the Greene

County Court of Common Pleas, Division of Domestic Relations, overruling her motion

for relief under Civ.R. 60(B) from a judgment of divorce incorporating a separation agreement. Ms. Cornett contends that the agreed judgment of divorce is both inequitable and the product of ineffective assistance of her trial counsel. We conclude that the record does not support her contentions. Accordingly, the order of the trial court overruling Ms. Cornett's motion for relief from judgment is Affirmed.

## I. The Course of Proceedings

{¶ 2} Charlotte and James Cornett were married in 1965. Ms. Cornett initiated divorce proceedings in 2012. At a hearing before a magistrate, the parties entered into a settlement agreement. The agreement, which encompassed spousal support as well as the division of property and debts, was read into the record. Both parties stated on the record, in the presence of their counsel and the magistrate, that they understood the terms of the agreement, and indicated their wish to have the agreement incorporated into the final decree of divorce. A Final Judgment and Decree of Divorce, incorporating the agreement, and signed by both parties and their attorneys, was entered in July 2013.

{¶ 3} In February 2014, Ms. Cornett moved for relief from judgment pursuant to Civ.R. 60(B). She contended that she was induced to enter into the separation agreement due to bad advice from her attorney. Specifically, she claimed that counsel did not properly advise her with regard to the duration of the marriage, which she argues had a de facto termination date of 1987, as it relates to marital and non-marital assets and the division thereof. She further claimed that her attorney informed her that the trial court would not accept the 1987 date of separation as the termination date for the marriage, but would use use the entire length of the marriage in making the division. She

claimed that she only entered into the separation agreement because she felt that she had no other choice, due to ineffective assistance of counsel. She further claimed that the separation agreement was not equitable.

{¶ 4} At the hearing on her motion for relief from judgment, Ms. Cornett presented testimony regarding the parties' relationship and living arrangements following the 1987 separation, as well as testimony and exhibits regarding her assets. Following the hearing, the magistrate found that Ms. Cornett had failed to demonstrate that she was entitled to relief under any of the grounds set forth in Civ.R. 60(B). The magistrate therefore found it unnecessary to determine whether she could present a meritorious defense or claim. Ms. Cornett's objections to the magistrate's decision were overruled, and the trial court adopted that decision as the order of the court. Ms. Cornett appeals from the order of the trial court overruling her motion for relief from judgment.

## II. The Agreed Judgment of Divorce Is Neither Inequitable nor the Product of Ineffective Assistance of Counsel

{¶ 5} Ms. Cornett's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN SUSTAINING THE DECISION OF THE MAGISTRATE IN OVERRULING THE OBJECTIONS AND MOTION FOR RELIEF PURSUANT TO CIVIL RULE 60(B).

{¶ 6} Ms. Cornett contends that the trial court abused its discretion by overruling her motion for Civ.R. 60(B) relief. The essence of her argument is that the separation agreement should be set aside because counsel induced her to enter into it with

erroneous legal advice, and because its terms are inequitable.

{¶ 7} Civ.R. 60(B) states that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."

{¶ 8} In order to grant relief on a Civ.R. 60(B) motion for relief from judgment, a trial court must find that the movant has demonstrated: (1) the existence of a meritorious defense or claim; (2) entitlement to relief under one of the grounds set forth in the Rule; and (3) that the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries*, 47 Ohio St.2d 146, 150–51, 351 N.E.2d 113 (1976).

{¶ 9} The decision to sustain or overrule a motion for relief from judgment is within the sound discretion of the trial court, and will not be disturbed absent an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). In order to find an abuse of discretion, the reviewing court must find that the trial court demonstrated an arbitrary, unreasonable, or unconscionable attitude. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 218, 450 N.E.2d 1140 (1983).

{¶ 10} While the magistrate and the trial court addressed all five possible grounds

for setting aside a judgment as set forth in Civ.R. 60(B), we need only address Civ.R. 60(B)(1) and (5), since those are the only two raised in Cornett's motion and in her brief on appeal.

{¶ 11} Civ.R. 60(B)(1) encompasses mistake, inadvertence, surprise, or excusable neglect. Because "the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1), * * * any 'mistake, inadvertence, surprise, or excusable neglect,' as set forth in Civ.R. 60(B)(1), by counsel for a party does not entitle that party to relief from judgment under the rule." *Argo Plastic Products Co. v. City of Cleveland*, 15 Ohio St.3d 389, 393, 474 N.E.2d 328 (1984), syllabus and 393. In other words, "if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." *Id.*, at 392, quoting *GTE Automatic Electric, Inc. v. ARC Industries*, 47 Ohio St.3d 146, 152, 351 N.E.2d 113 (1976).

{¶ 12} Ms. Cornett's argument is based upon her claim that counsel rendered bad legal advice, and also caused her to believe that she had no choice but to settle the case on the terms proposed. This is, in essence, a claim of legal malpractice, which is not recognized as a basis for relief under Civ.R. 60(B)(1). *Office v. Office*, 2d Dist. Montgomery No. 18693, 2001 WL 958935, * 3 (Aug. 24, 2001).

{¶ 13} Civ.R. 60(B)(5) cannot be used as a substitute for one of the more specific grounds provided in the rule; therefore, an attorney's ineffectiveness does not provide a basis for setting aside a judgment under this section. *Id.* However, this court has recognized that "the extraordinary nature of a particular case could justify relief under Civ.R. 60(B)(5)." *Id.*, citing *Whitt v. Bennett*, 82 Ohio App.3d 792, 613 N.E.2d 667 (2d

Dist. 1992). But, "[i]n order for an attorney's conduct to fall outside the purview of Civ.R. 60(B)(1), and to be considered an extraordinary circumstance contemplated by Civ.R. 60(B)(5), the conduct must 'reveal[ ] a complete disregard for the judicial system.' [Citation omitted]. In other words, the attorney's conduct must be egregious; for example, conduct rising to the level of abandonment." *Smith v. Gilbert*, 2d Dist. Clark No. 2014-CA-81, 2015-Ohio-444, ¶ 15, quoting *Melton v. Melton*, 1st Dist. Hamilton No. C-130123, 2013-Ohio-4790, ¶ 13.

{¶ 14} We find no support in the record for the proposition that, nor did the trial court find that, counsel's conduct rose to the level of a complete disregard for the judicial system. At most, Cornett's allegations raise the issue of legal malpractice, which does not amount to an extraordinary circumstance under Civ.R. 60(B)(5). *Office, supra,* at * 3.

{¶ 15} Finally, although not addressed by the trial court in its decision, Ms. Cornett argues that the trial court should have considered her argument that she has a meritorious defense or claim to present. Ms. Cornett's meritorious defense is based upon the claim that because counsel rendered incorrect legal advice, she could not knowingly or voluntarily have entered into the separation agreement. She also argues that because counsel gave her incorrect legal advice, the agreement is inequitable.

{¶ 16} With regard to her claim that she did not knowingly or voluntarily enter into the agreement, Ms. Cornett conflates acting on poor legal advice with not knowing or understanding the terms of an agreement. In other words, Ms. Cornett may in fact have entered into the agreement due to bad advice, but there is no evidence that she did not know, and understand, the terms to which she agreed. Poor legal advice is not a defense to the enforceability of a contract. *Novak v. Novak*, 11th Dist. Lake Nos. 2013-L-047,

2013-L-063, 2014-Ohio-10, ¶ 32. Neither is lack of equity a defense. "Contracts, including settlement agreements, do not need to be fair and equitable to be binding and enforceable, so long as they are not produced by fraud, duress, overreaching or undue influence." *Grubic v. Grubic*, 8th Dist. Cuyahoga No. 73793, 1999 WL 703053, * 3 (Sept. 9, 1999).

{¶ 17} We find nothing in the record to indicate that Ms. Cornett failed to understand the terms and meaning of the contract that she agreed. We find no evidence of fraud, duress, or undue influence exerted by Mr. Cornett, his counsel, or the trial court, that would cause the agreement to be unenforceable. Therefore, we conclude that her claim of meritorious defense or claim is not supported by the record.

{¶ 18} Ms. Cornett's sole assignment of error is overruled.

### III. Conclusion

{¶ 19} Ms. Cornett's sole assignment of error having been overruled, the order of the trial court overruling Ms. Cornett's motion for relief from judgment is Affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J., and FROELICH, J., concur.

Copies mailed to:

Jay A. Adams
Keith R. Kearney
Amy R. Blair
Hon. Steven L. Hurley