[Cite as *Molnar-Satterfield v. Molnar*, 2021-Ohio-2698.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| TAMELA K. MOLNAR-SATTERFIELD | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 2020-CA-52 |
| | : | |
| v. | : | Trial Court Case No. 2014-DM-82 |
| | : | |
| MICHAEL F. MOLNAR | : | (Domestic Relations Appeal) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of August, 2021.

. . . . . . . . . . .

THOMAS M. KOLLIN, Atty. Reg. No. 0066964, 3725 Pentagon Boulevard, Suite 270, Beavercreek, Ohio 45431
        Attorney for Plaintiff-Appellant

CATHERINE H. BREAULT, Atty. Reg. No. 0098433, 130 West Second Street, Suite 2150, Dayton, Ohio 45402
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Plaintiff-appellant Tamela K. Molnar-Satterfield appeals from a judgment of the Greene County Court of Common Pleas, Domestic Relations Division, which denied her motions to hold her ex-husband, Michael F. Molnar, in contempt and to vacate the final judgment and decree of dissolution. For the reasons that follow, we affirm.

## I.      Facts and Procedural History

{¶ 2} Tamela and Michael were married in 1990.[1] At the time of their marriage, they both were civilian employees at Wright-Patterson Air Force Base ("WPAFB"), and both were participating in the Civil Service Retirement System (CSRS), which provides monthly retirement benefits from the time of retirement until death. Both parties were also enrolled in a Thrift Savings Plan (TSP), a supplemental retirement savings vehicle into which the parties could make voluntary contributions.

{¶ 3} In 1993, the parties had a child, and Tamela quit working in order to stay home with the child. When the child was approximately eight years old, Tamela returned to work at WPAFB. According to Tamela, she was no longer entitled to participate in the TSP, but she did continue to participate in the CSRS plan.[2]

{¶ 4} In 2014, the parties filed a joint petition for dissolution of their marriage. They also filed affidavits of financial disclosure and a signed separation agreement.[3] Of

---

[1] For ease of reference, we refer to the parties by their first names.

[2] We note that no competent documentary evidence regarding the parties' retirement accounts was introduced into this record.

[3] The petition, the final judgment and decree of dissolution, and the separation agreement were prepared by Tamela's attorney. Michael was not represented by counsel during the dissolution proceedings.

relevance to this appeal, the separation agreement stated, "[t]he Thrift Savings Plan presently in Husband's name, shall remain in his name and the Wife shall be named as the recipient (beneficiary) thereon." The agreement also stated, "[t]he parties specifically agree that they disavow any interest in the other's retirement, 401k or any other type of pension plans which are in existence at the time of the signing of this Separation Agreement." *Id.* Following a hearing on June 10, 2014, the petition for dissolution was granted; the final judgment and decree of dissolution and separation agreement were filed on June 13, 2014. Thereafter, Michael filed the appropriate documents to name Tamela as the beneficiary of his TSP.

{¶ 5} In December 2018, Tamela obtained new counsel and filed a motion seeking to hold Michael in contempt for moving funds out of his TSP and for failing to list her as the beneficiary of that plan. After a hearing on June 20, 2019, the magistrate entered an order indicating that the parties had reached an agreement on the issues raised in the contempt motion. The order required Tamela's attorney to prepare and submit the agreed order to the court. It appears that Tamela's attorney attempted to obtain a copy of the hearing transcript, but no recording had been made. No order was submitted.

{¶ 6} In October 2019, Tamela again obtained new counsel. On December 12, 2019, the court entered a notice stating the motion for contempt would be dismissed if the agreed entry was not filed by December 26. On December 23, 2019, Tamela filed a motion seeking a hearing regarding the motion for contempt.

{¶ 7} On January 28, 2020, Tamela filed a motion to set aside the final judgment and decree of dissolution, including the separation agreement. In her motion, she asserted that she was entitled to relief under the terms of Civ.R. 60(B)(5). Specifically,

she claimed that Michael had committed a fraud upon the court by failing to disclose his TSP on his financial disclosure affidavit and that relief from the separation agreement was appropriate because her consent thereto was procured by that fraud.

**{¶ 8}** The magistrate conducted a hearing on both the motion for contempt and the motion for Civ.R. 60(B)(5) relief from judgment. The magistrate then entered an order denying both motions. Tamela filed objections, which were subsequently overruled by the trial court.

**{¶ 9}** Tamela appeals.

## II. Civil Rule 60(B) Motion

**{¶ 10}** The first assignment of error asserted by Tamela states:

THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO GRANT APPELLANT'S CIVIL RULE 60(B) MOTION BECAUSE THERE WAS A WILLFUL ERROR MADE BY APPELLEE REGARDING THE EXISTENCE/ACTUAL VALUE OF HIS RETIREMENT AND THRIFT SAVINGS ACCOUNTS, AND THEREFORE, WOULD HAVE CHANGED THE SEPARATION AGREEMENT AND DIVISION OF MARTIAL [SIC] PROPERTY INVOLVED.

**{¶ 11}** Tamela asserts that the domestic relations court erred by denying her requested Civ.R. 60(B) relief.[4]

**{¶ 12}** Civ.R. 60(B) permits a court to relieve a party from a final judgment, order,

---

[4] In her motion, Tamela sought relief solely under Civ.R. 60(B)(5); however, at the end of the hearing, her counsel orally amended the motion to include a Civ.R. 60(B)(4) claim.

or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(5) any other reason justifying relief from the judgment.

Civ.R. 60(B)(1)-(5).

{¶ 13} To prevail on a Civ.R. 60(B) motion, a party must establish: (1) a meritorious claim or defense to present if the court grants relief; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion was filed within a reasonable time and, when relying on a ground for relief set forth in Civ.R. 60(B)(1), (2), or (3), it was filed not more than one year after the judgment was entered. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If the moving party fails to establish any of these cumulative requirements, the trial court must overrule the motion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). Because a trial court exercises its discretion when ruling on a Civ.R. 60(B) motion, an appellate court will not disturb such a ruling absent an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). The term "abuse of discretion" connotes an attitude by the court which is

arbitrary, unconscionable, or unreasonable. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 14} A decree of dissolution is founded on an agreement of the parties. As the Ohio Supreme Court has stated, "mutual consent is the cornerstone of our dissolution law." *Knapp v. Knapp*, 24 Ohio St.3d 141, 144, 493 N.E.2d 1353 (1986). "[I]f consent or mutuality did not exist when the parties entered into the separation agreement because of fraud or material mistake or misrepresentation, then there was no agreement upon which the dissolution decree could have been based. This lack of mutuality undermines the integrity of the dissolution proceeding and may constitute sufficient grounds to set aside the decree under Civ.R. 60(B)." *In re Whitman*, 81 Ohio St.3d 239, 241, 690 N.E.2d 535 (1998). "Courts have used Civ.R. 60(B) to set aside dissolution decrees where the separation agreement was based on incomplete financial disclosure." (Citation omitted.) *Nardecchia v. Nardecchia*, 155 Ohio App.3d 40, 2003-Ohio-5410, 798 N.E.2d 1198, ¶ 14 (2d Dist.).

{¶ 15} In her written motion, Tamela claimed a right to relief under Civ.R. 60(B)(5), which permits a court to set aside a judgment for "any other reason justifying relief from the judgment." In support, she argued that Michael's filing of an incomplete affidavit of financial disclosure constituted a fraud upon the court, which resulted in a violation of the mutual consent underlying the dissolution proceeding and rendered the decree of dissolution voidable.[5]

---

[5] Tamela claims Michael's intent to deceive her regarding the value of his TSP was evidenced by the fact that he moved the TSP funds "immediately" after the final judgment and decree of dissolution was filed. However, the record shows that he did not move the funds until October 2018, more than four years later.

{¶ 16} A court may grant relief under Civ.R. 60(B)(5), the so-called "catch-all" provision, only in those extraordinary and unusual cases where the moving party demonstrates substantial grounds warranting relief from judgment. *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraph one of the syllabus. Substantial grounds may exist if the moving party establishes a fraud upon the court. *Coulson v. Coulson*, 5 Ohio St.3d 12, 448 N.E.2d 809 (1983), paragraph one of the syllabus.

{¶ 17} Michael's argument in opposition to the motion correctly noted that Civ.R. 60(B)(5) cannot be used as a substitute for any of the other, more specific grounds in Civ.R. 60(B). *Caruso-Ciresi,* paragraph one of the syllabus. He further asserted that Tamela's claim of fraud properly fell under the more specific grounds of Civ.R. 60(B)(3) and, thus, had to be filed within one year from the entry of the decree.

{¶ 18} The difference between claims of fraud in the context of Civ.R. 60(B)(3) and (B)(5) was thoroughly discussed in *Roubanes Luke v. Roubanes*, 2018-Ohio-1065, 109 N.E.3d 671 (10th Dist.), wherein the Tenth District Court of Appeals stated:

> Courts carefully distinguish between fraud upon the court, which is a basis for relief from judgment under Civ.R. 60(B)(5), and fraud upon a party, which is a basis for relief from judgment under Civ.R. 60(B)(3). Technically, any fraud connected with the presentation of a case to a court could constitute fraud upon the court in a broad sense. *Coulson v. Coulson*, 5 Ohio St.3d 12, 15, 448 N.E.2d 809 (1983). However, courts cannot invoke Civ.R. 60(B)(5) when any of the more specific provisions of Civ.R. 60(B) apply. *Cuyahoga Support Enforcement Agency v. Guthrie*, 84

Ohio St.3d 437, 440, 705 N.E.2d 318 (1999); *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraph one of the syllabus. As we stated above, Civ.R. 60(B)(3) permits relief from judgment in cases of fraud, misrepresentation, and other misconduct by an adverse party. Thus, Civ.R. 60(B)(3) applies when an adverse party's fraud, misrepresentation, or misconduct in obtaining a judgment has prevented the other party from fully and fairly presenting its case. *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 13; *PNC Bank, N.A. v. Botts*, 10th Dist. [Franklin] No. 12AP-256, 2012-Ohio-5383, ¶ 15. "Fraud on an adverse party may exist when, for example, a party presents material false testimony at trial, and the falsity is not discovered until after the trial." *Botts* at ¶ 15; *In re Dankworth Trust*, 7th Dist. [Belmont] No. 14 BE 9, 2014-Ohio-5825, ¶ 38. If courts accorded fraud upon the court a broad meaning, it could easily subsume the type of fraud covered by Civ.R. 60(B)(3). Courts, therefore, narrowly construe fraud upon the court in order to prevent it from overwhelming Civ.R. 60(B)(3) and rendering Civ.R. 60(B)(3)'s one-year time limitation meaningless. *Heltzel v. Heltzel*, 11th Dist. [Trumbull] No. 3788, 1987 WL 18032 (Sept. 30, 1987); *Hartford v. Hartford*, 53 Ohio App.2d 79, 83, 371 N.E.2d 591 (8th Dist.1977); *accord Great Coastal Express, Inc. v. Internatl. Bhd. of Teamsters*, 675 F.2d 1349, 1356 (4th Cir.1982) ("The principal concern motivating narrow construction is that the otherwise nebulous concept of 'fraud on the court' could easily overwhelm the specific provision of 60(b)(3) and its time limitation and

thereby subvert the balance of equities contained in the Rule.").

Due to this narrow construction, in the usual case, fraud in the presentation of evidence amounts to fraud upon a party. *Coulson* at 15, 448 N.E.2d 809. False testimony and the withholding of evidence generally fall within Civ.R. 60(B)(3), not Civ.R. 60(B)(5). *Derico v. Schimoler*, 8th Dist. [Cuyahoga] No. 94935, 2011-Ohio-615, ¶ 12; *Caron v. Manfresca*, 10th Dist. [Franklin] No. 98AP-1399, 1999 WL 739570 (Sept. 23, 1999); *Still v. Still*, 4th Dist. [Gallia] No. 95CA15, 1996 WL 362259 (June 25, 1996); *accord Geo. P. Reintjes Co. v. Riley Stoker Corp.*, 71 F.3d 44, 49 (1st Cir.1995) (holding that "perjury alone, absent allegation of involvement by an officer of the court * * *, has never been sufficient" to constitute fraud upon the court); *Gleason v. Jandrucko*, 860 F.2d 556, 560 (2d Cir.1988) (holding that "neither perjury nor nondisclosure, by itself, amounts to anything more than fraud involving injury to a single litigant"); *Kerwit Med. Prods., Inc. v. N & H Instruments, Inc.*, 616 F.2d 833, 837 (5th Cir.1980) ("[M]ere nondisclosure to an adverse party and to the court of facts pertinent to a controversy before the court does not add up to 'fraud upon the court.'"). "The possibility of perjury, even concerted, is a common hazard of the adversary process with which litigants are equipped to deal through discovery and cross-examination, and, where warranted, [a Civ.R. 60(B)(3)] motion for relief from judgment." *Geo. P. Reintjes* at 49. Fraud upon the court is limited to the more egregious forms of subversion of the legal process, which a court cannot necessarily expect to be exposed by

the normal adversary process. * * *

In *Scholler v. Scholler*, 10 Ohio St.3d 98, 462 N.E.2d 158 (1984), the Supreme Court of Ohio considered whether a fraud upon the court occurred based on an ex-wife's allegation that her ex-husband fraudulently withheld critical financial information and misrepresented his financial status during negotiation of a separation agreement. The court defined "fraud upon the court" "as the situation '[w]here an officer of the court, e.g., an attorney * * * actively participates in defrauding the court * * *.' " *Id.* at 106 * * *, quoting *Coulson* at 15 * * *. Because the ex-wife alleged that the adverse party— not an officer of the court—had committed the fraud at issue, the court concluded that the ex-wife had not established fraud upon the court. *Id.*

Subsequently to *Scholler*, multiple Ohio courts, including this court, have concluded that, if the alleged fraud occurred between the parties, Civ.R. 60(B)(3) is the only ground upon which the aggrieved party can seek relief from a prior judgment. If, on the other hand, an attorney or other officer of the court perpetrates a fraud on the court, then Civ.R. 60(B)(5) is the proper basis for requesting relief. *Wells Fargo Bank*, *N.A. v. Bluhm*, 6th Dist. [Erie] No. E-13-052, 2015-Ohio-921, ¶ 30-31; *Costakos v. Costakos*, 10th Dist. [Franklin] No. 03AP-959, 2004-Ohio-2138, ¶ 11; *McGowan v. Stoyer*, 10th Dist. [Franklin] No. 02AP-263, 2002-Ohio-5410, ¶ 18; *Applegate v. Applegate*, 10th Dist. [Franklin] No. 99AP-1321, 2000 WL 1358063 (Sept. 21, 2000); *In re Foreclosure of Liens for Delinquent Land Taxes*, 10th Dist. [Franklin] No. 99AP-714 (Mar. 28, 2000); *Turoczy v.*

*Turoczy*, 30 Ohio App.3d 116, 506 N.E.2d 942 (8th Dist.1986), syllabus; accord *In re Dankworth Trust* at ¶ 38 (holding that Civ.R. 60(B)(5) is "used when the fraud alleged is done by an officer of the court; Civ.R. 60(B)(3) only applies to fraud that is committed by an adverse party"); *BAC Home Loans Servicing, L.P. v. Meister*, 11th Dist. [Lake] No. 2012-L-042, 2013-Ohio-873, ¶ 16, quoting *Coulson* at 15 * * * ("[A] party may use Civ.R. 60(B)(5) to raise the issue of fraud upon the court; however, this concept has been distinguished from fraud by an adverse party and has been carefully limited to the occasion where an 'officer of the court * * * actively participates in defrauding the court.' "); *Huffman v. Huffman*, 4th Dist. Adams No. 00CA704, 2001 WL 1383020 (Oct. 30, 2001) ("[I]n order to show fraud upon the court, and be subject to Civ.R. 60(B)(5)'s more lenient time limits, a party must show that an officer of the court actively participated in defrauding the court.").

*Roubanes Luke* at ¶ 23-26; *accord Hash v. Hash*, 2d Dist. Montgomery No. 16855, 1998 WL 211893, *4 -5 (May 1, 1998).

{¶ 19} Based upon the relevant case law, we conclude that Tamela's allegations, if true, constituted fraud between the parties implicating Civ.R. 60(B)(3). Thus, Tamela's motion to vacate the final judgment and decree of dissolution on the basis of fraud had to be filed within one year of the final judgment and decree of dissolution being filed. Since it was not, Tamela's fraud claim was time barred.

{¶ 20} However, even if Tamela had timely filed the request for relief, we would find it lacking in merit. The elements of fraud are (1) a representation (or concealment

of a fact when there is a duty to disclose), (2) that is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with intent to mislead another into relying upon it, (5) justifiable reliance, and (6) resulting injury proximately caused by the reliance. *Ajibola v. Ohio Med. Career College, Ltd.*, 2018-Ohio-4449, 122 N.E.3d 660, ¶ 15 (2d Dist.). "An action for fraud may be grounded upon failure to fully disclose facts of a material nature where there exists a duty to speak." *Id.* at ¶ 16, quoting *Lone Star Equities, Inc. v. Dimitrouleas*, 2015-Ohio-2294, 34 N.E.3d 936, ¶ 61 (2d Dist.), citing *Layman v. Binns*, 35 Ohio St.3d 176, 178, 519 N.E.2d 642 (1988).

{¶ 21} During the hearing, Michael was asked why he omitted the TSP account from his financial disclosures. In response, Michael stated that he had not been in pay status and thus was not receiving income from the account at that time. The magistrate concluded that Michael could not be found to have committed fraud because the financial affidavit asked only for sources of income, and insofar as Michael had not been receiving income from the TSP account at the time of the dissolution proceeding, he was not required to disclose the account.[6] Indeed, the record indicates that Tamela also had a CSRS retirement plan which was not listed on her affidavit.

{¶ 22} More importantly, even though the TSP was not listed in Michael's financial affidavit, it was expressly included in the separation agreement. Further, the record clearly demonstrates that, at the time she signed the separation agreement, Tamela was aware of the existence and value of the TSP. Thus, as the magistrate noted, "to infer

---

[6] The court noted that the affidavit form was subsequently amended to require parties to disclose retirement accounts regardless of pay status.

Tamela had no knowledge of the Thrift Savings Plan is illogical." Magistrate's Decision and Order (Aug. 6, 2020).

{¶ 23} On the facts of this case, Tamela did not show that Michael had a duty to disclose the TSP or that he intended to mislead her by omitting it from the financial disclosure affidavit. Further, she did not show that she detrimentally relied upon the affidavit. Thus, her claim of fraud was specious, at best.

{¶ 24} We next turn to Tamela's claim that she was entitled to relief under the portion of Civ.R. 60(B)(4) which provides for relief when "it is no longer equitable that the judgment should have prospective application."

{¶ 25} Relief under Civ.R. 60(B)(4) is only afforded to those individuals who are subjected to circumstances which could not be foreseen or controlled. *Yearwood v. Yearwood*, 2d Dist. Montgomery No. 16352, 1997 WL 797717, *3 (Dec. 31, 1997). Of importance here are the words "no longer," which refer to a change subsequent to the entry of the judgment. *Hash (Krumm) v. Hash*, 2d Dist. Montgomery No. 16855, 1998 WL 211893, *5 (May 1, 1990), quoting *Wurzelbacher v. Kroeger*, 40 Ohio St.2d 90, 92, 320 N.E.2d 666 (1974).

{¶ 26} Tamela's own testimony demonstrated that there were no unforeseen events subsequent to the entry of the decree affecting the TSP funds. Indeed, her testimony indicated that the actual issue surrounding the TSP concerned the interpretation of the language contained in the separation agreement. Specifically, Tamela testified it was her understanding, based upon conversations with her attorney, she would receive the entirety of the TSP account, as valued at the date of the decree, upon Michael's death. In other words, she testified that she and Michael had agreed she

would waive her right to receive the account in 2014, and that she would, instead, take the account at the time of his death. She further testified that she wanted the court to amend the separation agreement to reflect such an understanding.

{¶ 27} Tamela did not allege any unforeseen event which had rendered the separation agreement inequitable. Instead, she wished to have the agreement amended to comport with her stated understanding of the parties' intent. However, as stated, she was represented by counsel and her counsel drafted the agreement. Civ.R. 60(B)(4) was not the proper vehicle for relief from her attorney's poorly drafted provision.

{¶ 28} In seeking Civ.R. 60(B) relief from a decree of dissolution and incorporated separation agreement, the moving party "is essentially asking to be released from his or her own promise." *In re McLoughlin v. McLoughlin*, 10th Dist. Franklin No. 05AP-621, 2006-Ohio-1530, ¶ 24. Thus, the court must ensure that relief under Civ.R. 60(B) is justified and is not being used "to circumvent the terms of a settlement agreement simply because, with hindsight, [the moving party] has thought better of the agreement which was entered into voluntarily and deliberately." *Id.* at ¶ 25, quoting *Biscardi v. Biscardi*, 133 Ohio App.3d 288, 292, 727 N.E.2d 949 (7th Dist.1999). As the domestic relations court in this case aptly stated:

> The issue in this case is not that of a willful non-disclosure of assets or ignorance of the assets. What this case ultimately boils down to is a poorly drafted provision in the parties' Separation Agreement that was drafted by Wife's attorney and does not reflect what Wife states she intended. While the provision names Wife the beneficiary of the fund, it does not state the amount to which Wife is entitled, it does not preserve any funds for Wife,

nor does it prohibit Husband from using the funds. The provision merely states, "Further, the Thrift Savings Plan presently in Husband's name, shall remain in his name and the Wife shall be named as the recipient (beneficiary) thereon." Wife was represented in this case while Husband was not. Wife was in the best position to evaluate and negotiate the terms of the Separation Agreement. Wife cannot now rely on Civ.R. 60(B)(5) to vacate her voluntary, deliberate choice to enter into an agreement merely because hindsight reveals she may not have made a wise choice."

Order (Dec. 3, 2020).

{¶ 29} Moreover, a review of the separation agreement does not reveal it to be patently unfair or unconscionable. The agreement stated that the parties would equally divide all their checking and savings accounts, household goods, furnishings and personal property. Further, the agreement specified that Tamela would receive the marital residence which, at the time, had an equitable value of approximately $93,000. Also, despite the fact that Tamela's income exceeded Michael's, Michael was required to pay her the sum of $500 per month in spousal support.[7] The record shows Michael's TSP was valued at $140,000 at the time of the dissolution. Tamela received $93,000 in equity value of the marital residence and received approximately $17,000 in spousal support. Thus, the difference between the value of the TSP and assets/support received by Tamela was approximately $30,000. We cannot say this division was inequitable.

{¶ 30} After a review of the record before us, we find that Tamela failed to demonstrate that she was entitled to relief from judgment under Civ.R. 60(B)(4) or (5).

---

[7] The record shows spousal support was paid until April 2017 when Tamela remarried.

Further, we find that the trial court acted wholly within its discretion in denying her motion for relief from judgment.   Accordingly, the first assignment of error is overruled.


### III.   Contempt Motion

{¶ 31} Tamela's second assignment of error states:

THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ITS FINDINGS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN FAILING TO HOLD APELLEE IN CONTEMPT WHEN HE FAILED TO FOLLOW THE RULES OF THIS HONORABLE COURT BY HONESTLY DISCLOSING ALL PERTINENT FINANCIAL ACCOUNTS AS MARTIAL [SIC] PROPERTY.

{¶ 32} Although this assignment of error states that the court should have held Michael in contempt for failing to properly disclose his assets, we note that the motion for contempt and the evidence presented in support of it focused solely on Michael's rollover of the TSP assets into a Charles Schwab retirement account and his subsequent failure to designate Tamela as the beneficiary of that account.   Not surprisingly, the magistrate and the domestic relations court evaluated the motion accordingly.   Thus, to the extent Tamela raises Michael's failure to disclose the TSP account as a basis for a contempt finding, we may not consider it, as that issue was not raised in the court below.

{¶ 33} As stated above, the sole provision in the separation agreement pertaining to the TSP stated: "[f]urther, the Thrift Savings Plan presently in the Husband's name shall remain in his name and the Wife shall be named as the recipient (beneficiary) thereon."   There is no dispute that, in October 2018, Michael did roll the funds in the TSP

into a retirement account with Charles Schwab, and he named the parties' son as the beneficiary of the account. The record also shows that on February 20, 2019, following a scheduling conference with the court regarding the show cause motion, Michael corrected the beneficiary designation to make Tamela the beneficiary.

{¶ 34} "A person guilty of any of the following acts may be punished as for a contempt: (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer[.]" *Morgan v. Morgan*, 2d Dist. Montgomery No. 23371, 2010-Ohio-1685, ¶ 28, quoting R.C. 2705.02(A). "This includes dissolution decrees." *Id.*, citing *Felton v. Felton*, 79 Ohio St.3d 34, 38, 679 N.E.2d 672 (1997). "The decision of whether to find one in contempt of court rests in the sound discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion." *Id.*, citing *State v. Kilbane*, 61 Ohio St.2d 201, 400 N.E.2d 386 (1980), paragraph one of the syllabus.

{¶ 35} The magistrate's decision indicates that the denial of the motion for contempt was based upon a finding that Michael's actions had not been willful.[8] However, a finding of contempt "does not require proof of purposeful, willing, or intentional violation of a trial court's prior order." *Brock v. Brock*, 12th Dist. Clermont No. CA2013-04-026, 2014-Ohio-350, ¶ 19, quoting *Townsend v. Townsend*, 4th Dist. Lawrence No. 08CA9, 2008-Ohio-6701, ¶ 27, citing *Pugh v. Pugh*, 15 Ohio St.3d 136, 140, 472 N.E.2d 1085 (1984). Thus, the question of whether Michael acted willfully was not dispositive of this issue.

{¶ 36} We find the following language in the magistrate's decision to be a more

---

[8] The court adopted this finding.

accurate basis for denying the motion:

> In reading the plain language of the provision, the Magistrate finds that Michael was not required to maintain the account or any amount of money in that account for Tamela's benefit. Nothing prohibited Michael from spending the money in the account or transferring the money into another account. Tamela's interest was limited to the remainder, if any, if Michael predeceased her. The language was even clarified so that recipient would be construed as beneficiary.
>
> While naming Tamela as beneficiary was limited to the Thrift Savings Plan, Michael agreed that the spirit of the agreement was that Tamela would be the beneficiary of any funds remaining from the Thrift Savings Plan * * * that he * * * transferred [to another fund]. Michael agreed to list Tamela as the beneficiary of the Schwab account and to pay her the sum of $250.00 for her expenses. Michael shall continue to name Tamela as the beneficiary of any fund that the original TSP monies are deposited in.

Magistrate's Decision and Order (Aug. 6, 2020).

{¶ 37} "It is well settled that for a person to be held in contempt of a court order, the court order must contain the specificity necessary for the person to 'readily know exactly what duties or obligations are imposed upon him.' " *In re Contempt of Scaldini*, 8th Dist. Cuyahoga No. 90889, 2008-Ohio-6154, ¶ 18, quoting *Highland Square Mgmt., Inc. v. Willis & Linnen Co., L.P.A.*, 9th Dist. Summit Nos. 21234 and 21243, 2003-Ohio-2630. "Otherwise stated, '[a] trial court cannot impose contempt sanctions on a party if the party cannot know whether or not its actions violate the trial court's order.'" *Id.*,

quoting *Contos v. Monroe County,* 7th Dist. Monroe No. 04 MO 3, 2004-Ohio-6380. *Accord Carmosino v. Carmosino*, 12th Dist. Clermont No. CA2018-01-002, 2018-Ohio-3010, ¶ 11.

{¶ 38} Clearly, the language in the separation agreement regarding the TSP was susceptible to more than one interpretation, was ambiguous as to Michael's ability to move the funds, and was even ambiguous as to Michael's responsibility to discontinue designating Tamela as the beneficiary once the funds were moved out of the TSP. Given the lack of clarity in the separation agreement, we cannot say the court abused its discretion when it denied the motion for contempt.

{¶ 39} The second assignment of error is overruled.

## IV.     Conclusion

{¶ 40} Both of Tamela's assignments of error being overruled, the judgment of the domestic relations court is affirmed.

. . . . . . . . . . . . .

HALL, J. and EPLEY, J., concur.

Copies sent to:

Thomas M. Kollin
Catherine H. Breault
Hon. Cynthia Martin