[Cite as *SVG Motors L.L.C. v. Caston's Design Group, Inc.*, 2022-Ohio-286.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| SVG MOTORS LLC | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29172 |
| | : | |
| v. | : | Trial Court Case No. 2019-CV-3579 |
| | : | |
| CASTON'S DESIGN GROUP, INC., et al. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Defendants-Appellees/ Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of February, 2022.

. . . . . . . . . . .

THOMAS J. MANNING, Atty. Reg. No. 0059759, P.O. Box 751484, Dayton, Ohio 45475
    Attorney for Plaintiff-Appellee

CARI M. MILLIMAN, 3720 Queen Anne Loop, Apt. 208, Fayetteville, NC 28306
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Cari M. Milliman appeals from a judgment of the Montgomery County Court of Common Pleas, which overruled her motion for relief from judgment, pursuant to Civ.R. 60(B). For the following reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 2} SVG Motors LLC owns several automobile dealerships in southwest Ohio. According to the complaint, in early 2018, SVG purchased the commercial property located at 3415 Seajay Drive in Beavercreek with the intention of renovating and modernizing the property (which had been the site of prior car dealerships) and opening another car dealership.

{¶ 3} Caston's Design Group, Inc., is an interior design company owned by Cathy and Charles Maston; Milliman was an employee of Caston's. In April 2018, Milliman, on behalf of Caston's, approached SVG about designing the new dealership on the Beavercreek property. Based on Milliman's representations, SVG retained Caston's. During the course of their business relationship, SVG worked with Milliman. At her request, SVG provided funds for materials and labor, and those checks were cashed by Milliman, Charles Maston and/or Cathy Maston on behalf of Caston's.

{¶ 4} SVG alleged that Caston's never provided $47,548.99 in materials that Milliman represented were being ordered. In addition, SVG began having other issues with Milliman and Caston's, including unmet promises, damaged equipment, uncompleted tasks, and difficulty communicating with Milliman.

{¶ 5} In October 2018, SVG decided to terminate its relationship with Milliman and Caston's. SVG made several additional attempts to contact Milliman, and it received

responses that she was out of town and would contact them when she returned. Milliman allegedly never contacted SVG. SVG ultimately requested criminal charges against Milliman, and she later was indicted in Montgomery County for grand theft and theft, both fourth-degree felonies.

{¶ 6} On August 6, 2019, SVG filed a civil action against Caston's, Milliman, and the Mastons, alleging claims of theft, conversion, unjust enrichment, breach of contract, and violations of the Ohio Criminal Code. SVG further alleged that Caston's was vicariously liable for the actions of its agents, Milliman and the Mastons, and because Caston's was not properly registered or incorporated as a business entity, Milliman and the Mastons were liable for all wrongful conduct on behalf of Caston's. SVG sought compensatory damages, treble damages under R.C. 2307.60, punitive damages, prejudgment and post-judgment interest, costs, and reasonable attorney fees.

{¶ 7} Caston's, Cathy Maston, and Charles Maston were successfully served on August 9, 2019. They did not file an answer, and on September 9, 2019, SVG sought a default judgment against them. The trial court granted the motion the following day and scheduled a damages hearing for October 11, 2019.

{¶ 8} On September 28, 2019, residential service was completed on Milliman, who had moved to North Carolina. SVG then requested a continuance of the damages hearing, which was granted. Milliman also did not respond to the complaint, and on October 29, 2019, SVG filed a motion for default judgment against her. The trial court granted the motion the same day. A damages hearing was scheduled for December 13, 2019.

{¶ 9} On December 12, 2019, counsel entered an appearance on behalf of all four

defendants and filed a motion to set aside the default judgments. In his memorandum in support of the motion, counsel indicated that he was representing Milliman in her criminal matter and that the defendants had believed that he also was representing them in the civil action and would be filing an answer on their behalf. He explained that, in fact, he had not been retained on the civil matter and therefore had not filed an answer. Counsel did not state when he was retained, but the motion suggested that he was hired for the civil matter after the default judgments were entered.

{¶ 10} The damages hearing proceeded as scheduled, and SVG presented three exhibits to the trial court. A transcript of that hearing is not in the record. Following the hearing, the parties filed memoranda about piercing the corporate veil.

{¶ 11} On January 29, 2020, the trial court granted the defendants' motion to set aside the default judgments, finding "there is surprise to the parties in this case" and the motion was filed within a reasonable time. The same day, counsel for the defendants filed a notice with the court that he had been disqualified from the practice of law in Ohio.

{¶ 12} On January 31, 2020, SVG filed a motion for reconsideration of the court's granting of Civ.R. 60(B) relief. Counsel for SVG highlighted statements by the court at the December 13 hearing in which the court expressed that it found no grounds on which to vacate the judgment and there was no allegation that the defendants had a meritorious defense. SVG further noted that the damages hearing had proceeded and the court had asked the parties to brief whether SVG was able to pierce the corporate veil of Caston's and impose personal liability on the Mastons. The trial court granted the motion for reconsideration and scheduled a hearing for March 13, 2020, on the December 12, 2019 motion to set aside the default judgments.

{¶ 13} The trial court overruled the motion to set aside the judgments on April 22, 2020. In its entry, the court noted that the Mastons appeared at the March 13 hearing with new counsel, who requested additional time to supplement the motion. The court had granted the request, but no supplemental memorandum was filed nor did counsel file a notice of appearance. In denying the motion, the court stated that "Defendants have failed to establish mistake, inadvertence, surprise or excusable neglect, which the court thought might have been present here. The requirements of Civil Rule 60(B) are not met." The record does not include a transcript of the March 13, 2020 hearing.

{¶ 14} On May 1, 2020, the trial court entered judgment against Milliman in the amount of $148,668.82 and against Caston's in the amount of $47,552.99, plus attorney fees and court costs. The court dismissed SVG's claims against the Mastons personally.

{¶ 15} On May 28, 2020, Milliman appealed the trial court's denial of her motion to set aside the judgment and the May 1 judgment entry. *SVG Motors LLC v. Caston's Design Group, Inc.*, 2d Dist. Montgomery No. 28811. On August 3, 2020, the trial court issued an amended judgment entry, which explained its calculation of damages regarding Milliman:

| | |
|---|---|
| Direct Loss of Plaintiff ($47,552.99) Due to Defendants' Conduct Trebled Pursuant to O.R.C. §2307.61(A)(1)(b)(ii): | $142,658.97 |
| Attorney Fees Incurred by Plaintiff as of December 13, 2019: | $5,610.00 |
| Litigation Costs Incurred by Plaintiff as of December 13, 2019: | $399.75 |
| TOTAL JUDGMENT | $148,668.72 |

Milliman appealed the amended judgment entry. *SVG Motors LLC v. Caston's Design Group, Inc.*, 2d Dist. Montgomery No. 28888. The matters were consolidated and

ultimately dismissed on March 10, 2021 for lack of prosecution.

{¶ 16} On March 25, 2021, Milliman, pro se, moved to set aside the trial court's final judgment. In her letter to the trial court, she focused on the actions of her attorneys, claiming that both lawyers had failed to take necessary actions on her behalf, had failed to keep her apprised of the status of the case and what she needed to do, and had told her that she did not need to attend scheduled hearings. With respect to the March 13 hearing, Milliman stated that her attorney had told her that she did not need to attend and, afterward, informed her that he had been given additional time. Milliman indicated that counsel subsequently told her that the court's deadline was suspended due to a Covid order by the Ohio Supreme Court, and she was shocked to learn (from her criminal attorney) in May 2020 that the court had ruled in SVG's favor.

{¶ 17} Milliman offered three additional reasons for the court to set aside the judgment: (1) witnesses lied at prior hearings; (2) she had not received documents from the court; and (3) she had not had the opportunity to present her version of events. In support of her motion, Milliman attached a lengthy PowerPoint document in which she detailed the course of the business relationship between the parties and provided information about invoicing and amounts due.

{¶ 18} SVG opposed the motion. It argued that Milliman's remedy for her attorney's misfeasance or nonfeasance was a malpractice action, not Civ.R. 60(B) relief. The company further noted that Milliman had appealed the final judgment and the appeal had been dismissed. It thus claimed that the law of the case doctrine and res judicata barred her arguments.

{¶ 19} The trial court held a hearing on May 21, 2021. According to the trial

court's subsequent decision on her motion, Milliman appeared pro se and SVG appeared with counsel. Milliman made an oral argument and testified, and SVG's counsel made an oral statement. Again, a transcript of the hearing was neither requested nor filed.

{¶ 20} On May 26, 2021, the trial court denied Milliman's motion. Addressing the three-prong standard for Civ.R. 60(B) relief, the court found that Milliman's motion was brought within a reasonable time and that she had alleged a meritorious defense, "not in the sense that she is not liable, but in the sense that she may not be liable for as much as has been awarded to Plaintiff against her." The court concluded, however, that she was not entitled to relief because her second attorney's neglect was inexcusable and was properly imputed to her. As to counsel's neglect, the trial court found:

> This matter was set for hearing on a defense motion to set aside the Plaintiff's default judgment. The attorneys appeared for the hearing. The Defendants' attorney asked for additional time to supplement the motion to set aside. That time was given. The attorney was given three (3) weeks to file supplementation. The attorney did not file any supplementation, nor did he move the court for an extension. The attorney did nothing. In addition, the attorney did not enter an appearance for the Defendants on the record. It is not unreasonable to find under the circumstances that this constitutes a disregard for the judicial system. Also, the Plaintiff had proceeded and was contesting the Defendant's motion. The Plaintiff had some reasonable expectation the matter would be resolved and they could pursue their claim one way or the other. The Plaintiff had retained counsel, and through counsel had prosecuted the case. Under all the

circumstances, the court finds there is no excusable neglect. * * *

{¶ 21} Milliman appeals from the trial court's judgment. Because Milliman attached both the May 26, 2021 and August 3, 2020 judgments, we issued a show cause order regarding the scope of this appeal. Upon review of Milliman's response, we concluded that this appeal is limited to a review of the May 26, 2021 judgment. (Decision & Entry, Oct. 26, 2021.)

## II. Milliman's Motion for Relief from Judgment

{¶ 22} At the outset, we note that Milliman is responsible for complying with the appellate rules, notwithstanding her pro se status. *Banks v. Regan*, 2d Dist. Montgomery No. 21929, 2008-Ohio-188, ¶ 2. In her appellate brief, Milliman does not set forth any assignments of error, as required by App.R. 16(A), but it is apparent that she is appealing the trial court's denial of her motion for relief from judgment, pursuant to Civ.R. 60(B).

{¶ 23} Our ability to review that claim is hampered somewhat by Milliman's failure to file written transcripts of the hearings before the trial court. *See* App.R. 9(B); *In re A.R.,* 2d Dist. Greene No. 2021-CA-7, 2021-Ohio-2785, ¶ 33 ("it is the appellant's duty to file the transcript or any parts of the transcript that are necessary for evaluating the trial court's decision"). Absent relevant transcripts, we cannot speculate what arguments were made or what testimony or other evidence was presented at the hearings. *Accord Henderson v. Fowler*, 2d Dist. Montgomery No. 28765, 2021-Ohio-144, ¶ 12 ("In the absence of a written transcript of the hearing, we have no record of the evidence presented to the magistrate, and we cannot speculate what testimony was given at that hearing."). Rather, we are constrained to presume the regularity of the proceedings below unless the limited record for our review affirmatively demonstrates error. *Banks*

at ¶ 2; *State v. Johnson*, 2d Dist. Montgomery No. 28905, 2021-Ohio-1333, ¶ 15.

{¶ 24} Civ.R. 60(B) permits a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(5) any other reason justifying relief from the judgment.

Civ.R. 60(B)(1)-(5).

{¶ 25} To prevail on a Civ.R. 60(B) motion, the moving party must establish: (1) a meritorious claim or defense to present if the court grants relief; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion was filed within a reasonable time and, when relying on a ground for relief set forth in Civ.R. 60(B)(1), (2), or (3), it was filed not more than one year after the judgment was entered. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Each of these elements must be met. *Molnar-Satterfield v. Molnar*, 2d Dist. Greene No. 2020-CA-52, 2021-Ohio-2698, ¶ 13. If the moving party fails to establish any of the requirements, the trial court must overrule the

motion. *Id.*, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

{¶ 26} "Civ.R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 665 N.E.2d 1102 (1996). The Rule "represents an attempt to strike a balance between conflicting principles that litigation must be brought to an end and that justice should be done." *Chapman v. Chapman*, 2d Dist. Montgomery No. 21244, 2006-Ohio-2328, ¶ 13; *Aurora Loan Servs., L.L.C. v. Wilcox*, 2d Dist. Miami No. 2009-CA-9, 2009-Ohio-4577, ¶ 12.

{¶ 27} We review a trial court's ruling on a Civ.R. 60(B) motion for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). The term "abuse of discretion" connotes an attitude by the court which is arbitrary, unconscionable, or unreasonable. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 28} In this case, the trial court ruled that Milliman's motion failed because she did not establish excusable neglect under Civ.R. 60(B)(1).

{¶ 29} "Excusable neglect" is "an elusive concept which has been difficult to define and apply." *Kay* at 20. The Ohio Supreme Court has defined "excusable neglect" in the negative, stating that "the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.' " *Id.*, quoting *GTE*, 47 Ohio St.2d at 153, 351 N.E.2d 113. "[N]egligent conduct is not excusable merely because it fails to rise to that level. Whether negligence is excusable requires consideration of all the surrounding facts and circumstances. * * * To be excusable, failure to perform an act must be justifiable under the facts and circumstances presented." (Citation omitted.) *Jones*

*v. Gayhart*, 2d Dist. Montgomery No. 21838, 2007-Ohio-3584, ¶ 13; *Nationstar Mtge., LLC v. Abston*, 2019-Ohio-3003, 140 N.E.3d 1103, ¶ 32 (2d Dist.).

**{¶ 30}** On this record, the trial court did not abuse its discretion in not finding excusable neglect. As an initial matter, the trial court properly focused on the conduct of Milliman's second attorney, who was retained just prior to the March 13, 2020 hearing. Milliman appealed the denial of her original Civ.R. 60(B) motion, and that appeal was dismissed. That appeal precludes our review of the denial of Milliman's original motion and whether the failure to file an answer by Milliman or her first attorney was the result of excusable neglect.

**{¶ 31}** That said, Milliman's second attorney's conduct relates to his failure to provide supplemental materials to support original counsel's motion. Milliman's second attorney appeared for a hearing on the original Civ.R. 60(B) motion and apparently requested time to familiarize himself with the case and to file supplemental materials. That request was granted, and counsel was served with the trial court's entry setting an April 3, 2020 deadline for the filing of a supplemental memorandum and an April 17, 2020 deadline for any reply by SVG. Nevertheless, Milliman's counsel never filed a formal notice of appearance or any supplemental memorandum. Milliman explains in her motion that counsel believed that the trial court's deadline for filing a response had been tolled by the Ohio Supreme Court's March 2020 tolling order. However, between the court's denial of the Civ.R. 60(B) motion on April 22 and the court's entry of final judgment on May 1, 2020, counsel never filed anything with the trial court expressing his belief that the April 3 deadline had been tolled. As the trial court succinctly stated, "[t]he attorney did nothing." The trial court reasonably concluded that Milliman's second attorney's

inaction did not constitute excusable neglect.

{¶ 32} As a general rule, "the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1)." *GTE*, 47 Ohio St.2d at 153, 351 N.E.2d 113. *See also Staub v. Miller*, 2d Dist. Greene No. 2018-CA-2, 2018-Ohio-3603, ¶ 28. "The rationale for this rule is that a client voluntarily chooses his [or her] attorney and cannot avoid the consequences of his [or her] chosen agent's acts or omissions." *Smith v. Gilbert*, 2d Dist. Clark No. 2014-CA-81, 2015-Ohio-444, ¶ 13. A claim of legal malpractice is not recognized as a basis for relief under Civ.R. 60(B)(1). *Cornett v. Cornett*, 2d Dist. Greene No. 2016-CA-7, 2016-Ohio-7902, ¶ 13, citing *Office v. Office*, 2d Dist. Montgomery No. 18693, 2001 WL 958935, * 3 (Aug. 24, 2001).

{¶ 33} Nevertheless, an attorney's inexcusable neglect will not be imputed, and may constitute a basis for relief under Civ.R. 60(B)(5), if it is egregious, such as conduct that rises to the level of abandonment of a client. *See, e.g., Smith* at ¶ 14-18; *Cornett* at ¶ 13. Civ.R. 60(B)(5), the so-called "catch-all" provision, applies only in those extraordinary and unusual cases where the moving party demonstrates substantial grounds warranting relief from judgment. *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraph one of the syllabus; *Molnar-Satterfield*, 2d Dist. Greene No. 2020-CA-52, 2021-Ohio-2698, ¶ 16. We emphasize that Civ.R. 60(B)(5) cannot be used as a substitute for any of the more specific grounds listed in Civ.R. 60(B). *E.g., Caruso-Ciresi* at paragraph one of the syllabus.

{¶ 34} In this case, we cannot conclude that Milliman's second attorney's failure to file a supplemental memorandum constituted abandonment. Milliman states that her attorney's failure to file a supplemental memorandum simply was based on his mistaken

belief that the trial court's April 3 deadline would be extended. The same counsel filed the notice of appeal from the order overruling her original Civ.R. 60(B) motion and the final judgment, and Milliman states that he represented her on that appeal until late October 2020. On these facts, the most that occurred was legal malpractice, the remedy for which is a malpractice action against the attorney. *See, e.g., Office* at *3; *GTE* at 152 (noting that "if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice"). This case does not present egregious circumstances to support a finding of entitlement to relief from judgment under Civ.R. 60(B)(5).

**{¶ 35}** Accordingly, the trial court did not abuse its discretion in denying Milliman's March 25, 2021 pro se motion for relief from judgment.

### III. Conclusion

**{¶ 36}** The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

TUCKER, P. J. and DONOVAN, J., concur.

Copies sent to:

Thomas J. Manning
Cari M. Milliman
Hon. Timothy N. O'Connell