OPINION
{¶ 1} Theodore V. Payne IV brings this appeal following the trial court's entry of summary judgment against him in his declaratory judgment action for uninsured motorist coverage pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292.
 {¶ 2} Payne asserts two assignments of error on appeal. First, he contends genuine issues of material fact exist as to whether appellee Great Northern Insurance Company received prompt notice of the automobile accident and claim underlying this litigation. Second, he contends the trial court erred in failing to consider a letter from counsel for Wilberforce University as an acknowledgment of notice of the accident and claim.
 {¶ 3} The record reflects that Payne was involved in an automobile accident on April 25, 1999, while a passenger in a rental vehicle driven by an uninsured motorist. At the time of the accident, Payne worked for Wilberforce University, which maintained a business auto insurance policy as well as commercial liability and umbrella policies issued by appellee Great Northern. Prior to notifying Great Northern of the accident or his uninsured motorist claim, Payne obtained a judgment against the negligent driver for $100,000. Thereafter, on April 9, 2002, he commenced the present action, seeking a declaratory judgment that he is entitled to uninsured motorist coverage under the Great Northern policies issued to Wilberforce University.
 {¶ 4} On August 15, 2002, the trial court sustained a Civ.R. 12(B)(6) motion to dismiss filed by Wilberforce University, holding that only the school's insurer could conceivably be liable for uninsured motorist coverage.[1] Following additional discovery, the trial court sustained a motion for summary judgment filed by Great Northern. In its June 24, 2003, ruling, the trial court held that Payne was not entitled to uninsured motorist coverage because he failed to provide prompt notice to Great Northern, thereby prejudicing the insurance company's rights.
 {¶ 5} Payne misinterpreted the summary judgment ruling as a magistrate's decision rather than a final judgment of the trial court. As a result, on July 9, 2003, he filed "objections" to the ruling. On July 18, 2003, the trial court filed an entry in which it treated Payne's objections to a non-existent magistrate's decision as a motion for reconsideration of its summary judgment ruling and denied the same. On August 11, 2003, Payne filed a notice of appeal from the trial court's July 18, 2003, entry.
 {¶ 6} In light of the foregoing procedural history, we must dismiss Payne's appeal for lack of jurisdiction. The trial court's June 24, 2003, summary judgment ruling bears the signature of Judge Stephen A. Wolaver and the initials "G.M.," an apparent reference to Greene County Assignment Commissioner Gayle Manker.[2] The ruling was not signed by the magistrate, George Reynolds, and nothing about it indicates that it is a magistrate's decision. As a result, the June 24, 2003, summary judgment ruling was a final, appealable order, and Payne was required to file his notice of appeal within thirty days of it. Given that Payne did not file his notice of appeal until August 11, 2003, we lack jurisdiction to consider an appeal from the trial court's summary judgment ruling.
 {¶ 7} As for Payne's "objections," the trial court reasonably construed them as a motion for reconsideration because no magistrate's decision exists. We note, however, that a motion for reconsideration after a final order in the trial court is a nullity. Pitts v. Ohio Dept. of Trans. (1981),67 Ohio St.2d 378. Likewise, all judgments or final orders flowing from a motion for reconsideration are also a nullity. Id. at 381. As a result, Payne cannot appeal from the trial court's July 18, 2003, entry denying his motion for reconsideration. Absent a timely appeal from an appealable order, we must dismiss this action for lack of subject matter jurisdiction.[3]
Appeal dismissed.
Grady, J., and Young, J., concur.
[1] The trial court's dismissal of Wilberforce University has not been challenged by Payne on appeal.
[2] We note that the record contains several entries bearing the apparent signature of Judge Wolaver, and they are substantially similar to the signature on the entry sustaining Great Northern's motion for summary judgment.
[3] Parenthetically, we note that even if jurisdiction were to exist, we would find no error in the trial court's entry of summary judgment. Following the completion of briefing in this case, the Ohio Supreme Court decided Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, which is dispositive of Payne's claim for uninsured motorist coverage. InGalatis, the Ohio Supreme Court limited Scott-Pontzer,
holding that a policy of insurance naming a corporation as an insured for UM/UIM purposes covers a loss sustained by an employee only if the loss occurs within the course and scope of employment, unless otherwise agreed. In Jordan v. Armsway TankTransport, Inc., Darke App. No. 1621, 2004-Ohio-261, we recently held that Galatis applies to cases pending on direct appeal. The upshot of Galatis is that Payne is not an insured under the policies at issue. He is not a named insured in the policies, and the trial court expressly found that he was not acting in the course and scope of his employment at the time of the accident. As a result, Payne is not entitled to uninsured motorist benefits.