OPINION
{¶ 1} Roy E. Jones and Jeannie Jones appeal from the trial court's decision and entry sustaining a motion to stay litigation pending arbitration filed by appellee Blair Homes, Inc.
 {¶ 2} The Joneses advance two assignments of error on appeal. First, they contend the trial court erred "in limiting the availability of damages by ordering arbitration pursuant to an adhesion contract." Second, they claim the trial court erred "in ordering arbitration pursuant to the terms of an adhesion contract which fails of the essential purpose for which arbitration is permitted under Ohio law."
 {¶ 3} The record reflects that the Joneses entered into separate contracts with Unibilt Industries and Blair Homes for the construction of a modular home. Prior to taking possession of the home, the Joneses discovered "active growing mold" in the basement. On December 3, 2003, the Joneses filed a complaint alleging that Unibilt and Blair Homes have failed to remedy the problem and that the mold has rendered the home uninsurable and uninhabitable. The complaint appears to assert claims for breach of contract, breach of warranty, negligence, fraud, and a violation of the Ohio Consumer Sales Practices Act.
 {¶ 4} On April 8, 2004, Blair Homes moved to stay litigation pending arbitration. In support of its motion, Blair Homes relied on the following language in paragraph twelve of its purchase contract with the Joneses:
 {¶ 5} "ARBITRATION OF DISPUTES. Should any dispute arise between Homebuyers and Builder respecting the meaning of the plans or specifications, material or work done or omitted, the same shall be viewed by two qualified persons, one chosen each by Homebuyers and Builder, respectively; and if they are unable to agree on the disputed matters, these two persons shall name a third person as arbitrator, and the decision of two of such three persons shall be binding to both Homebuyers and Builder on the disputed matters; and, if they determine work or materials were not finished in good and workmanlike manner, they shall indicate the additional work or materials to be finished, and Builder shall complete the same within a reasonable time."
 {¶ 6} In opposition to Blair Homes' motion, the Joneses argued that the arbitration clause did not apply to the claims at issue, that the clause was invalid because it did not provide for the "finality" of arbitration, that delaying litigation for arbitration would be improper because the other defendant, Unibilt Industries, was not a party to the contract between the Joneses and Blair Homes and was not bound by the arbitration clause, and that the trial court had the discretion to deny a stay. In one sentence of their memorandum in opposition, the Joneses also argued that "[t]he question of damages is not even included within paragraph 12 of the contract and therefore relief consistent with the Complaint could not possibly be awarded in arbitration."
 {¶ 7} The trial court sustained Blair Homes' motion in a May 18, 2004, decision and entry. In rejecting the Joneses' first argument, the trial court observed that the arbitration clause covered "any dispute * * * respecting * * * work done or omitted[.]" The trial court found that the Joneses' claims fit within the scope of this language. As for the alleged lack of finality, the trial court noted that the arbitration clause made any decision "binding to both Homebuyers and Builder on the disputed matters[.]" The trial court also found it irrelevant that Unibilt Industries was not a party to the contract containing the arbitration clause at issue. Finally, the trial court rejected the Joneses' argument that the arbitration clause did not address the issue of damages. The trial court noted that the clause authorized the three decisionmakers to identify "additional work or materials to be done" and obligated Blair Homes to "complete the same within a reasonable time." The trial court reasoned that this language recognized the remedy of specific performance.
 {¶ 8} Following the trial court's ruling, the Joneses filed a motion for reconsideration in which they argued that paragraph twelve was not an arbitration agreement because it merely provided for an "inspection" by qualified persons and did not require a quasi-judicial hearing before attorneys. They also argued that paragraph twelve contained an unenforceable limitation-on-remedies provision, namely the specific-performance language cited by the trial court. The Joneses also argued that the trial court was required to hold a hearing before ruling on Blair Homes' motion. The trial court summarily overruled the Joneses' motion for reconsideration, noting that its ruling on the motion to stay litigation was a final, appealable order. This timely appeal followed.
 {¶ 9} In their first assignment of error, the Joneses assert that the trial court erred "in limiting the availability of damages by ordering arbitration pursuant to an adhesion contract." Although this wording suggests an argument that the arbitration agreement is an invalid contract of adhesion, the Joneses actually make no such argument. Rather, the sole argument under their first assignment of error is that the arbitration clause is invalid because it contains an unenforceable limitation-onremedies provision. To support this argument, the Joneses first assert that the trial court interpreted the arbitration clause as limiting their remedy to specific performance of the purchase contract. They then insist that such a limitation is invalid for two reasons: (1) the limitation is not sufficiently conspicuous in the parties' written contract and (2) specific performance is an inadequate remedy because Blair Homes' prior attempts to eliminate the mold have failed.
 {¶ 10} Upon review, we reject the Joneses' argument that limitation-onremedies language in the arbitration clause renders the clause unenforceable. As an initial matter, the trial court did not hold that specific performance was the only remedy available under the arbitration clause. In their memorandum opposing Blair Homes' motion for a stay pending arbitration, the Joneses advanced a onesentence argument that "[t]he question of damages is not even included within paragraph 12 of the contract[.]" In response, the trial court merely pointed out that the arbitration clause in fact could be read as allowing the remedy of specific performance.
 {¶ 11} While we agree that the arbitration clause contemplates specific performance as a possible remedy, we do not read the clause as limiting the Joneses to that remedy. In relevant part, the clause provides that when a dispute arises respecting work done or omitted, "the decision of two of such three [decisionmakers] shall be binding to both Homebuyers and Builder on the disputed matters; and, if they determine work or materials were not finished in good and workmanlike manner, they shall indicate the additional work or materials to be finished, and Builder shall complete the same within a reasonable time."
 {¶ 12} In our view, the foregoing language is broad enough that it reasonably may be read as permitting the decision-makers to order a variety of remedies, including but not necessarily limited to recission, money damages, or specific performance. While the portion of the quoted language following the semi-colon addresses specific performance, the language preceding the semi-colon is susceptible to a broader interpretation allowing other remedies. It simply states that "the decision of two of such three [decision-makers] shall be binding to both Homebuyers and Builder on the disputed matters." We see no reason why that "decision" could not include a determination, if appropriate under the circumstances, that the Joneses are entitled to money damages or even recission of the purchase contract if the mold problem cannot be remediated. For its part, Blair Homes candidly agrees that the arbitration clause at issue "does not limit the type of damages either party may receive from an arbitration award[.]" (Appellee's brief at 10). Indeed, Blair Homes concedes that the arbitration provision "allow[s] for a comprehensive possibility of remedies upon [a] favorable arbitration award." (Id. at 12).
 {¶ 13} In short, we reject the Joneses' premise that the trial court interpreted the arbitration clause as limiting their remedy to specific performance. Nor do we read the arbitration clause as imposing such a limitation. Notably, in what is apparently the only appellate decision in the nation addressing the precise language before us, the Sixth District Court of Appeals reached the same conclusion in Karamol v. ContinentalEstates, Inc. (Sept. 22, 2000), Wood App. No. WD-00-021.[1] In that case, the Sixth District reviewed the same arbitration clause at issue in this case and rejected an argument that it provided only limited remedies and did not allow for recission. For the reasons set forth above, we agree with theKaramol court. Based on our determination that the arbitration clause in the purchase contract between the Joneses and Blair Homes does not limit the potential remedies available, we overrule the Joneses' first assignment of error.
 {¶ 14} In their second assignment of error, the Joneses claim the trial court erred "in ordering arbitration pursuant to the terms of an adhesion contract which fails of the essential purpose for which arbitration is permitted under Ohio law." Having reviewed this assignment of error, we note that it actually raises numerous distinct arguments in rapid succession. In particular, the Joneses argue: (1) that the arbitration clause does not provide for "binding" arbitration and, therefore, is unenforceable; (2) that the trial court erred in ordering a stay pending arbitration without first conducting a hearing; (3) that the arbitration clause is not an arbitration agreement because it merely provides for an "inspection" by qualified persons and does not require a quasi-judicial hearing before attorneys; (4) that the claims at issue in this case are not subject to arbitration under the narrow terms of the arbitration agreement; (5) that a stay pending arbitration is inappropriate given that the other defendant, Unibilt Industries, is not a party to the arbitration agreement between the Joneses and Blair Homes; and (6) that the arbitration clause is an unenforceable adhesion contract.
 {¶ 15} We find each of the foregoing arguments to be unpersuasive. First, we find no merit in the Joneses' claim that the arbitration clause is unenforceable because it does not provide for "binding" arbitration. Assuming, arguendo, that an arbitration clause must declare the result of arbitration to be binding, the clause in the present case does so. Indeed, as the trial court expressly recognized, the arbitration clause states that "the decision of two of such three [decision-makers] shallbe binding to both Homebuyers and Builder on the disputed matters[.]" (Emphasis added). Thus, the plain language of the arbitration clause belies the Joneses' contention.
 {¶ 16} Second, the Joneses claim that the trial court erred in ordering a stay pending arbitration without first conducting a hearing is not properly before us. They raised this issue in a motion for reconsideration filed after the trial court sustained Blair Homes' motion. Because the trial court's ruling on the motion for a stay pending arbitration was a final, appealable order, the motion for reconsideration was a nullity. SeeJankovsky v. Grana-Morris (Sept. 7, 2001), Miami App. No. 2000-CA-62 (recognizing that an order granting a stay pending arbitration is a final, appealable order); Payne v. WilberforceUniv., Montgomery App. No. 2003-CA-64, 2004-Ohio-4055, ¶ 7 (noting that "a motion for reconsideration after a final order in the trial court is a nullity"). Given the Joneses' failure to raise the issue of a hearing before the trial court ruled on Blair Homes' motion, they have waived the issue on appeal.
 {¶ 17} Third, the Joneses likewise have waived their argument that the arbitration clause is unenforceable because it merely provides for an "inspection" and does not require a quasi-judicial hearing before attorneys. Once again, they first raised this issue in their motion for reconsideration, which the trial court summarily overruled. Because the Joneses failed to properly present the issue to the trial court, we have no occasion to address it.
 {¶ 18} Fourth, we find no merit in the Joneses' argument that the arbitration clause is too narrow to encompass their claims. The Joneses' complaint specifically challenges the work performed by Blair Homes in connection with the site preparation and construction of their home. The arbitration clause covers "any dispute aris[ing] between Homebuyers and Builder respecting the * * * work done or omitted." In our view, the trial court properly concluded that the Joneses' claims fall within the scope of the arbitration clause.
 {¶ 19} Fifth, we reject the Joneses' argument that a stay pending arbitration is inappropriate given that the other defendant, Unibilt Industries, is not a party to the arbitration agreement. As the trial court properly recognized, the presence of Unibilt Industries as a defendant in this case is irrelevant to the enforceability of the arbitration agreement between the Joneses and Blair Homes. See Krafcik v. USA Energy Consultants,Inc. (1995), 107 Ohio App.3d 59, 63-64 (citing cases).
 {¶ 20} Finally, the Joneses' adhesion argument is not properly before us. In their memorandum in opposition to Blair Homes' motion for a stay, the Joneses once referred to the arbitration clause as an "adhesion contract" but never made any argument on the issue. On appeal, however, they assert that the arbitration clause is an adhesion contract because it is non-negotiable and is found in a preprinted form. They also argue that an element of unfair surprise exists because the clause is not conspicuous.
 {¶ 21} Unfortunately, the Joneses waived the adhesion issue by failing to raise and argue it in the trial court. In any event, even if the issue were properly before us, we would find that the arbitration clause is not an unenforceable adhesion contract. Contrary to the Joneses' argument, the arbitration clause is not inconspicuous. It is found in a separately numbered paragraph in a short purchase contract. The paragraph begins with the words "ARBITRATION OF DISPUTES" in capital letters and in standard-size type. With regard to the Joneses' argument that the clause is found in a pre-printed agreement and is non-negotiable, these assertions do not render the clause unenforceable. Most commercial contracts are pre-printed, and this fact does not make them adhesive, particularly in the absence of other adhesive circumstances. In addition, the Joneses fail to explain how or why the contract would have been less "adhesive" if it had been handwritten in ink prior to their arrival rather than being on a pre-printed form. With regard to the arbitration clause being non-negotiable, the Joneses make no argument and cite no evidence to suggest that they ever even attempted to negotiate the provision, a fact that militates against a finding of adhesion. See Vincent v. Neyer (2000), 139 Ohio App.3d 848, 855. We also find no evidence to suggest that they were incapable of reading and understanding the arbitration clause. As a result, we would find the Joneses' adhesion argument unpersuasive even if it were properly before us.
 {¶ 22} Having rejected each of the Joneses' arguments, we overrule their second assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.
Judgment affirmed.
FAIN, P.J., and WOLFF, J., concur.
[1] Neither party has cited any case law discussing the particular arbitration clause at issue. This court's independent research reveals that the Sixth District is the only appellate court in the country to have reviewed the same arbitration clause now before us.