[Cite as *Vukovic-Burkhardt v. Dayton Bd. of Edn.*, 2022-Ohio-4183.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| KELLI VUKOVIC-BURKHARDT | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 29539 |
| | : | |
| v. | : | Trial Court Case No. 2019-CV-5012 |
| | : | |
| DAYTON BOARD OF EDUCATION, et al. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Defendants-Appellees | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of November, 2022.

. . . . . . . . . .

PETER K. NEWMAN, Atty. Reg. No. 0010468, 594 Garden Road, Dayton, Ohio 45419
      Attorney for Plaintiff-Appellant

DAVID J. LAMPE, Atty. Reg. No. 0072890 & JASON R. STUCKEY, Atty. Reg. No. 0091220, 312 North Patterson Boulevard, Suite 200, Dayton, Ohio 45402
      Attorneys for Defendants-Appellees

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Plaintiff-Appellant Kelli Vukovic-Burkhardt appeals from an order of the Montgomery County Common Pleas Court denying her Civ.R. 60(B) motion for relief from judgment.   For the following reasons, we affirm the trial court's order.

### I.    Facts and Procedural History

{¶ 2} We previously addressed the history of this case in *Vukovic-Burkhardt v. Dayton Bd. of Edn.*, 2021-Ohio-739, 169 N.E.3d 53, ¶ 3-4 (2d Dist.), as follows:

Vukovic-Burkhardt was a classroom teacher in the Dayton Public Schools.   During the early part of the 2018-2019 school year, she reportedly called administrators a derogatory name in front of students, spoke about her personal life while on the phone in front of her students, used Facebook during instructional time, regularly yelled at and berated her students, and engaged in other inappropriate behavior.   The [Dayton Board of Education (hereinafter "the Board")] decided to fire her.   In April and June 2019, a referee conducted a hearing on the Board's decision.   Afterward, the referee filed a report finding good and just cause for terminating Vukovic-Burkhardt's teaching contract and recommending that the Board do so.   On September 17, 2019, the Board accepted the referee's recommendation and passed a resolution terminating her teaching contract. Vukovic-Burkhardt's attorney requested a copy of the Board's resolution, and the attorney for the Board emailed a copy of the three-page

resolution to her attorney on September 20, 2019. That copy of the resolution detailed the Board's decision and indicated it was passed by a 7-0 roll call vote at a meeting of the Board on September 17, 2019, and was signed by the Treasurer. (Exhibit 1 of the Answer to the Amended Complaint filed March 17, 2020.) Vukovic-Burkhardt herself separately received a copy of the resolution six days later that was sent to her by the Board.

On October 26, 2019, Vukovic-Burkhardt filed a complaint against the Board and others that contained, among other claims, an administrative appeal of the decision to terminate her teaching contract. The Board moved for judgment on the pleadings as to the administrative appeal, arguing that the appeal was untimely under R.C. 3319.16, having been filed more than 30 days after Vukovic-Burkhardt received notice of the Board's decision. The trial court agreed, and on July 24, 2020, it dismissed the administrative appeal for lack of jurisdiction.

{¶ 3} Vukovic-Burkhardt appealed the dismissal on August 21, 2020. The sole assignment of error raised on appeal was whether the trial court had erred by dismissing Vukovic-Burkhardt's administrative appeal.

{¶ 4} On October 13, 2020, Vukovic-Burkhardt filed a motion asking the trial court to reconsider its decision dismissing her administrative appeal. Attached to her motion was a copy of her brief that was filed in the appeal. On October 20, 2020, he trial court filed a notice informing the parties that, because an appeal was pending, the trial court

lacked jurisdiction to address the matter at that time.

{¶ 5} The parties continued with preparation for trial on the remaining claims.   On January 22, 2021, Vukovic-Burkhardt filed a "Motion to Strike" in this Court in support of her argument that was still pending on appeal.   *Vukovic-Burkhardt*, 2021-Ohio-739, 169 N.E.3d 53, at ¶ 5.   Her motion asked this court to strike the Board's reliance on the resolution that had been emailed to her counsel on September 20, 2019; she argued that the resolution contained a forged date and a forged signature.   Vukovic-Burkhardt claimed that she had learned of the supposed forgery from the deposition of the treasurer taken on December 23, 2020.   *Id.*   Although Vukovic-Burkhardt filed a motion in this Court, she did not file a motion in the trial court or supplement her October 13, 2020 motion for reconsideration with the new allegations or evidence.

{¶ 6} We overruled Vukovic-Burkhardt's motion for several reasons.   As we explained in our Opinion:

> R.C. 3319.16 states that the 30-day appeal period begins with "receipt of notice of the entry," and the resolution that the Board's attorney sent Vukovic-Burkhardt's attorney on September 20, 2019, constituted notice of the Board's resolution.   Furthermore, the treasurer's deposition testimony was not before the trial court when it dismissed the administrative appeal, so we should not consider it.   Finally, any allegation, let alone evidence, that the resolution was a forgery was not before the trial court.   We decide this appeal on the record before us, i.e., what was before the trial court when that court made its decision.

*Id.* at ¶ 5.

{¶ 7} On March 12, 2021, we affirmed the judgment of the trial court, concluding that the trial court had properly determined that Vukovic-Burkhardt's administrative appeal was untimely and, therefore, the court had lacked jurisdiction to consider it. *Id.* at ¶ 11.

{¶ 8} After the appeal was resolved, the trial court issued a decision that denied Vukovic-Burkhardt's October 13, 2020 motion. Decision, Order, and Entry (Apr. 29, 2021). The trial court determined that Vukovic-Burkhardt's motion for reconsideration of the July 24, 2020 decision was not proper, as the prior decision had been a final appealable order and therefore the trial court lacked jurisdiction to reconsider it. The trial court also found that even if it had jurisdiction, it would deny Vukovic-Burkhardt's motion pursuant to the law-of-the-case doctrine.

{¶ 9} On April 29, 2022, Vukovic-Burkhardt filed a combined Civ.R. 60(B)(3) and (B)(5) motion regarding the trial court's April 29, 2021 decision and requested a hearing. Vukovic-Burkhardt alleged that the Board's attorney had perpetrated a fraud upon the court by relying on a fraudulent version of the Board's resolution to establish that her appeal was untimely. Specifically, she claimed that the September 20, 2019 emailed copy of the Board's resolution sent to Vukovic-Burkhardt's counsel had had a forged date and signature of the treasurer. Based on her claim that the September 20, 2019 document was forged, Vukovic-Burkhardt claimed that the time to appeal should have started from September 26, 2019, the date she had received the mailed copy of the Board's resolution, which would mean that her administrative appeal was timely, and the trial court should reverse its decision to dismiss her administrative appeal.

{¶ 10} On June 30, 2022, the trial court issued a decision denying Vukovic-Burkhardt's Civ.R. 60(B) motion and her request for a hearing. The trial court concluded that the Civ.R. 60(B)(3) motion was untimely. Although Vukovic-Burkhardt claimed to seek relief from the trial court's April 29, 2021 decision denying her motion to reconsider, the trial court determined that Vukovic-Burkhardt had actually been attempting to seek relief from the July 24, 2020 decision that dismissed her R.C. 3319.16 administrative appeal as untimely. The trial court further found that the April 29, 2021 decision was not a final appealable order and was a nullity. Because Vukovic-Burkhardt's motion had been filed on April 29, 2022, more than a year after the July 24, 2020 decision, it was untimely under Civ.R. 60(B)(3).

{¶ 11} The trial court also denied Vukovic-Burkhardt's motion insofar as it was brought under Civ.R. 60(B)(5). The court found that there was no evidence that the Board's attorney had actively participated in perpetrating a fraud upon the court. According to the court, the resolution terminating Vukovic-Burkhardt's contract that was provided to her attorney on September 20, 2019, provided notice of the specific reasons for her termination and of the Board's final decision and was identical to that received by Vukovic-Burkhardt in the mail six days later. Further, there was no evidence that the treasurer's signature had been forged on the copy sent to Vukovic-Burkhardt's attorney or that the resolution had been altered in any way.

{¶ 12} Vukovic-Burkhardt appeals and raises two assignments of error. First, she alleges that the trial court erred in finding her Civ.R. 60(B)(3) motion to be untimely. Second, she argues that the trial court erred in denying her Civ.R. 60(B)(5) motion and

should have granted her a hearing.   We will consider each of the arguments in turn.

## II.    Civ.R. 60(B) Motions

{¶ 13} Civ.R. 60(B) provides, in pertinent part, that:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment.   The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶ 14} "To succeed on a motion for relief from judgment under Civ.R. 60(B), a movant must establish (1) a meritorious defense or claim to present, in the event that relief from judgment is granted, (2) entitlement to relief under one of the provisions in Civ.R. 60(B)(1) through (5), and (3) compliance with the rule's time requirements."   *Bank of Am., N.A. v. Kuchta*, 141 Ohio St. 3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 11, citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.   "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met."   *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994).

{¶ 15} " 'In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion.' "   *Harris v. Anderson*, 109 Ohio

St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 7, quoting *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153, 684 N.E.2d 1237 (1997). An abuse of discretion means that the trial court's attitude "is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "Consequently, when applying this standard, an appellate court is not free to substitute its judgment for that of the trial judge." *Berk v. Matthews*, 53 Ohio St. 3d 161, 169, 559 N.E.2d 1301 (1990).

### III. First Assignment of Error

{¶ 16} In her Civ.R. 60(B) motion, Vukovic-Burkhardt alleged that the Board's attorney perpetrated a fraud between the parties and upon the court. Fraud perpetrated on the court is a ground for relief under Civ. R. 60(B)(5), whereas fraud between the parties is properly brought under Civ.R. 60(B)(3). *Jackson v. Hendrickson*, 2d Dist. Montgomery No. 21921, 2008-Ohio-491, ¶ 53. The alleged fraudulent conduct occurred when the Board's attorney emailed Vukovic-Burkhardt's attorney a forged Board's resolution on September 20, 2019, and then improperly relied upon that date in the trial court to obtain a dismissal of the administrative appeal. The trial court denied Vukovic-Burkhardt's Civ.R. 60(B)(3) motion on grounds of untimeliness, while it denied her Civ.R. 60(B)(5) motion on the merits, finding that there was no evidence that the Board's attorney actively participated in committing a fraud upon the court. We address first the trial court's decision denying Vukovic-Burkhardt's Civ.R. 60(B)(3) motion.

{¶ 17} In order to review whether the trial court abused its discretion in finding that Vukovic-Burkhardt did not file her Civ.R. 60(B)(3) motion within one year, we must first determine decision from which the one year began to run. On July 24, 2020, the trial

court issued a decision dismissing Vukovic-Burkhardt's administrative appeal for not being filed within the 30 days provided for in R.C. 3319.16. After we resolved her appeal from this final appealable order, the trial court issued its April 29, 2021 decision overruling Vukovic-Burkhardt's motion for reconsideration of its July 24, 2020 decision.[1]

{¶ 18} On April 29, 2022, Vukovic-Burkhardt filed her Civ.R. 60(B) motion. However, because the April 29, 2021 decision was a nullity, and she was actually attempting to challenge the trial court's July 24, 2020 decision, we conclude that the one-year period began to run from July 24, 2020.

{¶ 19} There is no dispute that the July 24, 2020 decision was a final appealable order. Thus, it was not subject to a motion for reconsideration. "Civ. R. 54(B) allows for a reconsideration or rehearing of interlocutory orders." *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St. 2d 378, 379, 423 N.E.2d 1105 (1981), fn. 1. However, "[t]he Ohio Rules of Civil Procedure do not provide for a motion for reconsideration of a final order. Therefore, any order that a trial court enters on a motion for reconsideration is a legal nullity." (Citations omitted.) *Tucker v. Pope*, 2d Dist. Miami No. 2009-CA-30, 2010-Ohio-995, ¶ 25. "A 'nullity' is defined as 'an act void of legal effect.' " (Citation omitted.) *Williams v. PNC Bank, Natl. Assn.*, 2d Dist. Montgomery No. 28933, 2021-Ohio-977, ¶ 14.

{¶ 20} In order to challenge the July 24, 2020 decision, Vukovic-Burkhardt could have filed either a direct appeal from that order or a Civ.R. 60(B) motion, or both; the

---

[1] We note that Vukovic-Burkhardt claims that the trial court "sua sponte" issued the April 29, 2021 decision rejecting her motion for reconsideration and that it was "unnecessary for the trial court to have issued its order[.]" Brief of Appellant at p. 12. Yet it is incumbent upon a trial court to render a decision on all motions filed in that court. *See* Sup.R. 40(A)(3). Thus, we do not agree that the trial court sua sponte issued a decision on her pending motion.

difference is that a direct appeal challenges the trial court's legal conclusion based on the evidence in the record, whereas a Civ.R. 60(B) motion challenges the trial court's decision based on evidence outside the record. *In re Dankworth Trust*, 7th Dist. Belmont No. 14 BE 9, 2014-Ohio-5825, ¶ 28. This is because the purpose of post-judgment relief under Civ.R. 60(B) "is to remedy an injustice resulting from a cause that could not reasonably be addressed during the ordinary trial and appellate proceedings. The Rules of Civil Procedure do not invite a party to take a chance on a decision in the hope that a second bite is available if the outcome proves disappointing." *Volodkevich v. Volodkevich*, 35 Ohio St.3d 152, 155, 518 N.E.2d 1208 (1988). Hence, a Civ.R. 60(B) motion for relief from judgment may not be used to reverse a final judgment on issues that could have been corrected in a timely appeal. "Civ.R. 60(B) exists in order for a party to seek relief from final orders due to allegations that *cannot* be raised on appeal." (Emphasis added.) *State v. Brown*, 7th Dist. Mahoning No. 13 MA 172, 2014-Ohio-5824, ¶ 72.

**{¶ 21}** Vukovic-Burkhardt filed a direct appeal in which we ultimately upheld the trial court's dismissal of her administrative appeal. She also filed a Civ.R. 60(B)(3) motion, but, as noted, that motion was not filed until April 22, 2022; more than a year after the July 24, 2020 decision. Significantly, Vukovic-Burkhardt's motion for reconsideration relied entirely upon the evidence contained within the record and maintained that the trial court's legal conclusion was incorrect. The fraud allegation was never raised in support of Vukovic-Burkhardt's motion for reconsideration. Had she alleged fraud in her motion, the trial court could have construed her motion for reconsideration as a Civ.R. 60(B)(3) motion. *See Ritchie v. Mahoning Cty.*, 2017-Ohio-1213, 80 N.E.3d 560, ¶ 25 (7th Dist.)

("a trial court may construe a motion for reconsideration as a motion for relief from judgment under Civ.R. 60(B), but is not required to do so."). But because Vukovic-Burkhardt's motion for reconsideration was based on the same record that was on appeal, the motion to reconsider was a nullity, as well as any decision derived therefrom. *See Payne v. Wilberforce Univ.*, 2d Dist. Greene No. 2003-CA-64, 2004-Ohio-4055, ¶ 7, citing *Pitts*, 67 Ohio St.2d at 381, 423 N.E.2d 1105 (noting that a motion for reconsideration after a final order in the trial court is a nullity and all judgments or final orders flowing from a motion for reconsideration are also a nullity). As the plain language of Civ.R. 60(B) dictates, it only provides relief from a *final judgment, order or proceeding*. *See* Civ.R. 60(B). A decision that is a nullity cannot be considered a final judgment such that Vukovic-Burkhardt's Civ.R. 60(B) motion could not relate back to the April 29, 2021 decision.

{¶ 22} The trial court correctly determined that Vukovic-Burkhardt was actually attempting to challenge the July 24, 2020 final order through her Civ.R. 60(B) motion. Vukovic-Burkhardt's failure to timely file her Civ.R. 60(B)(3) motion within one year of the July 24, 2020 order precluded the trial court from considering her motion. Her first assignment of error is overruled.

### IV. Second Assignment of Error

{¶ 23} In her second assignment of error, Vukovic-Burkhardt argues that the trial court erred in denying her Civ.R. 60(B)(5) motion and, further, that the trial court should have held a hearing on her motion. We reject both her contentions.

{¶ 24} "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent

power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraph one of the syllabus. "Civil Rule 60(B)(5) is only to be used in an extraordinary and unusual case when the interests of justice warran[t] it." *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974). The grounds for invoking Civ.R. 60(B)(5) must be substantial. *Caruso-Ciresi* at paragraph two of the syllabus. "Substantial grounds may exist if the moving party establishes a fraud upon the court." *Molnar-Satterfield v. Molnar*, 2d Dist. Greene No. 2020-CA-52, 2021-Ohio-2698, ¶ 16, citing *Coulson v. Coulson*, 5 Ohio St.3d 12, 448 N.E.2d 809 (1983), paragraph one of the syllabus.

{¶ 25} The Ohio Supreme Court has explained that "[a]ny fraud connected with the presentation of a case to a court is a fraud upon the court, in a broad sense. * * * Thus, in the usual case, a party must resort to a motion under Civ.R. 60(B)(3). Where an officer of the court, e.g., an attorney, however, actively participates in defrauding the court, then the court may entertain a Civ.R. 60(B)(5) motion for relief from judgment." (Citation omitted.) *Coulson* at 15, citing *Toscano v. Commr. of Internal Revenue,* 441 F.2d 930, 933 (9th Cir.1971). " 'Examples of fraud on the court justifying relief from judgment would include such "egregious misconduct" as bribery of a judge or jury, or fabrication of evidence by counsel * * * or the prevention of an opposing party from fairly presenting his case. * * * [T]he trial court is best able to determine whether a fraud has been perpetrated upon it. Consequently, the trial court's determination of the issue is entitled to great weight[.]' " (Citations omitted.) *Barton v. Barton*, 2d Dist. Greene No. 2015-CA-

53, 2016-Ohio-5264, ¶ 19, quoting *Hartford v. Hartford*, 53 Ohio App.2d 79, 84-85, 371 N.E.2d 591 (8th Dist.1977).

{¶ 26} "Although a movant is not required to support its motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). "Thus, in order to convince the court that it is in the best interests of justice to set aside the judgment or to grant a hearing, the movant may decide to submit evidentiary materials in support of its motion." *Id.* " 'Even though there is no requirement that the movant submit an affidavit or other material with his motion, because he has the burden of proof and is not automatically entitled to a hearing, legal practice dictates that the movant must do all that he can to present allegations of operative facts to demonstrate that he is filing his motion within a reasonable period of time; that he is entitled to relief for one of the grounds specified in Civil Rule 60(B)(1) through (5); and that he has a valid defense.' " *Liberty Nursing Ctr. of Englewood, Inc. v. Valentine*, 2d Dist. Montgomery No. 24685, 2012-Ohio-1096, ¶ 65, quoting *Adomeit* at 103.

{¶ 27} The allegations in this case were that Vukovic-Burkhardt's attorney had requested and received a copy of the Board's resolution terminating her employment via email on September 20, 2019. A copy of the three-page resolution documented the reasoning for the Board's decision, indicated it was approved "7/0" by the Board members, and was signed by the treasurer. On September 23, 2019, the treasurer mailed Vukovic-Burkhardt a copy of the resolution, which Vukovic-Burkhardt received on

September 26, 2019. The September 26, 2019 copy was identical to the September 20, 2019 version with the exception that it was approved "9/17/19" by the Board members and the treasurer's signature was slightly different. According to Vukovic-Burkhardt, the discrepancy between the entry of the vote count and the date on the two versions, as well as the slight change in the treasurer's signature (which Vukovic-Burkhardt contends was misspelled) demonstrated that the September 20, 2019 copy was forged.

{¶ 28} Initially, we note that Vukovic-Burkhardt's Civ.R. 60(B)(5) motion argued that the decision she sought to reverse was the trial court's decision denying her motion for reconsideration. We have previously explained that the April 29, 2021 decision was a nullity and, further, that any decision derived from that motion is also a nullity. *Pitts*, 67 Ohio St.2d at 381, 423 N.E.2d 1105. Thus, even if Vukovic-Burkhardt put forth some evidence in support of her allegations of fraud, she was not entitled to relief from that decision. Fraud does not change the facts that the decision denying her motion to reconsider was a nullity and that she cannot seek relief from a nullity. Therefore, we will consider Vukovic-Burkhardt's Civ.R. 60(B) motion as challenging the July 24, 2020 decision, not the April 29, 2021 decision.

{¶ 29} The trial court found that there was no evidence of fraud to support granting a Civ.R. 60(B)(5) motion. We agree. The trial court explained:

> The Court does not find that the resolution terminating Plaintiff's teaching contract which the Board's attorney sent to Plaintiff's attorney on September 20, 2019, was sent with any knowledge of potential falsity or with the intent to mislead. The copy of the resolution which was sent to

Plaintiff's attorney is identical to the one mailed to Plaintiff, with the possible exception of Ms. Abraha's signature. During her deposition, Ms. Abraha never testified that she did not sign the resolution, that someone else forged her signature, or that she altered the resolution in any way. Thus, Plaintiff received notice of the specific reasons for her termination and of the Board's final decision when a copy of the resolution was sent to her attorney since nothing changed between this copy and the copy mailed directly to Plaintiff. As such, there is no basis to claim that the Board's attorney perpetrated fraud on this Court at any time and so the Court denies Plaintiff's Motion for Relief as it relates to Civ.R. 60(B)(5).

Decision, Order and Entry Denying Plaintiff's Motion for Relief from Judgment (June 30, 2022), p. 5-6.

{¶ 30} "The elements of fraud are (1) a representation (or concealment of a fact when there is a duty to disclose), (2) that is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with intent to mislead another into relying upon it, (5) justifiable reliance, and (6) resulting injury proximately caused by the reliance." *Molnar*, 2d Dist. Greene No. 2020-CA-52, 2021-Ohio-2698, at ¶ 20, citing *Ajibola v. Ohio Med. Career College, Ltd.*, 2018-Ohio-4449, 122 N.E.3d 660, ¶ 15 (2d Dist.).

{¶ 31} The documents submitted in support of Vukovic-Burkhardt's Civ.R. 60(B)(5) motion contained no evidence demonstrating that the Board's attorney had had any

knowledge of the alleged forgery or submitted it and relied upon it with the intent to mislead the court. We first observe that, of the six exhibits submitted in support of Vukovic-Burkhardt's Civ.R. 60(B) motion, only the transcript of the Board Treasurer's deposition was relevant to her allegation of fraud. It is also worth mentioning that Vukovic-Burkhardt did not attach a copy of the two resolutions at issue. Regardless, contrary to Vukovic-Burkhardt's allegations, the treasurer's deposition did not demonstrate that the September 20, 2019 resolution was a forged document. The Board held a meeting on September 17, 2019, at which it decided to terminate Vukovic-Burkhardt's employment. During the deposition of the treasurer, the following exchange occurred:

[Plaintiff's Attorney]: * * * My question is, when did you get around to signing the resolution regarding the termination of Kelli Vukovic-Burkhardt?

[Defense Attorney]: Objection. You can answer, Hiwot.

[Treasurer]: After the board has approved, anytime after that, I sign them.

[Plaintiff's Attorney]: Anytime after that so isn't it –

[Treasurer]: After it's approved.

[Plaintiff's Attorney]: Okay. So isn't it true that you didn't sign the resolution regarding Kelli Vukovic-Burkhardt until at least six days after the board's meeting?

[Treasurer]: It's not true.

[Plaintiff's Attorney]: Okay. So when did you sign the resolution regarding Kelli Vukovic-Burkhardt?

[Treasurer]: I sign it when it's typed, when – when everything – the board agenda is complete. I don't know when I signed it, but when it's complete, I get it, and I sign it.

[Plaintiff's Attorney]: Okay. So your testimony today –

[Treasurer]: Not that night.

[Plaintiff's Attorney]: Not that night. Okay. I understand. So I want to make sure the record is clear. So with regard to the resolution concerning the termination of Kelli Vukovic-Burkhardt, you did not sign it that night, on September 17, 2019, correct?

[Treasurer]: Correct. I don't see it that night.

[Plaintiff's Attorney]: And you can't tell me how many days later, can you?

[Treasurer]: No, I cannot tell you how many days later, but I have the roll call, how many of them voted yes or no.

Deposition of Hiwot Abraha, p. 34-36. Although she could not say exactly when she signed the resolution, the treasurer specifically denied that the first time she signed the resolution was six days after the Board's meeting, i.e., September 23, 2019. *Id.* at 35-36. As the trial court noted, the treasurer was never asked if she had signed the September 20, 2019 resolution or if the signature was not hers. Thus, the deposition did not support Vukovic-Burkhardt's Civ.R. 60(B)(5) allegations.

**{¶ 32}** Moreover, there was no evidence the Board's attorney provided the September 20, 2019 resolution with any knowledge of potential falsity or with the intent to mislead. The September 20, 2019 resolution was provided to Vukovic-Burkhardt's

attorney at his specific request. The Board's attorney could not have anticipated if and when Vukovic-Burkhardt would file an administrative appeal in order to later rely upon September 20, 2019 as the date notice was received. Significantly, the grounds for Vukovic-Burkhardt's termination were identical in the September 20, 2019 resolution and the September 26, 2019 copy. The purpose of providing the resolution was to afford Vukovic-Burkhardt notice of the grounds for termination. The September 20, 2019 resolution accomplished that.

{¶ 33} Vukovic-Burkhardt's conclusory allegations of fraud in her motion were insufficient to justify granting a Civ.R. 60(B)(5) motion for relief from judgment. Because Vukovic-Burkhardt did not demonstrate that she was entitled to relief under Civ.R. 60(B)(5), the trial court did not abuse its discretion in denying her Civ.R. 60(B)(5) motion.

{¶ 34} Lastly, we consider whether Vukovic-Burkhardt was entitled to a hearing. We conclude that she was not. "[A] movant has no automatic right to a hearing on a motion for relief from judgment." *Hrabak v. Collins*, 108 Ohio App.3d 117, 121, 670 N.E.2d 281 (8th Dist.1995). "It is an abuse of discretion for a trial court to overrule a Civ.R. 60(B) motion for relief from judgment without first holding an evidentiary hearing *only if* the motion or supportive affidavits contain allegations of operative facts which would warrant relief under Civ.R. 60(B)." (Emphasis sic.) *Boster v. C & M Serv., Inc.*, 93 Ohio App.3d 523, 526, 639 N.E.2d 136 (10th Dist.1994). As discussed in our analysis above, Vukovic-Burkhardt's Civ.R. 60(B) motion failed to establish she was entitled to relief. Therefore, it was not an abuse of discretion for the trial court to overrule the Civ.R. 60(B) motion without first holding an evidentiary hearing.

{¶ 35} The second assignment of error is overruled.

**V. Conclusion**

{¶ 36} Having overruled Vukovic-Burkhardt's two assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Peter K. Newman
David J. Lampe
Jason R. Stuckey
Hon. Mary L. Wiseman